**Janice SPRANDEL, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 86–2111.**

United States Court of Appeals, First Circuit.

Submitted May 8, 1987.

Decided Feb. 2, 1988.

James R. Crotteau and Pine Tree Legal Assistance, Inc., Machias, Me. on brief, for plaintiff, appellant.

---

Robert J. Triba, Asst. Regional Counsel, Dept. of Health and Human Services, Boston, Mass., Richard S. Cohen, U.S. Atty., Portland, Me., and Timothy C. Woodcock, Asst. U.S. Atty., Bangor, Me., on brief for defendant, appellee.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

The appellant, Janice Sprandel, appeals from the judgment of the United States District Court for the District of Maine. The court accepted a magistrate's recommendation to affirm the Secretary's decision that Ms. Sprandel's Supplemental Security Income (SSI) benefits payments during the six months following her separation from her husband were correct. The district court upheld the validity of a regulation under which the Secretary continued to pay half of an SSI eligible couple benefit to each spouse after their separation. The only issue on appeal is whether the regulation and its interpretation by the agency is consistent with the statute under which it is promulgated and the purposes of Congress in enacting the SSI program, Title XVI, the Social Security Amendments of 1972 (the Act), 42 U.S.C. §§ 1381 *et seq.*

## I.

When the appellant married, in December 1983, she was an "eligible individual" receiving SSI disability benefits of $324 per month. Her husband, Frederick Sprandel, was not eligible for SSI because his income was over the statutory ceiling. Since he was over 65, however, he became an "eligible spouse", 42 U.S.C. § 1382c(a)(1)(A) and (b), 20 C.F.R. § 416.1801(c), and they began receiving SSI benefits as an "eligible couple" in January 1984. Frederick continued to receive $366.10 in Social Security Retirement Income (SSRI) benefits, as in the past. The SSI "couple benefit" is 1.5 times the benefit amount for an eligible individual, less the countable income of both spouses. 42 U.S.C. § 1382(b)(1) and (2); 20 C.F.R. §§ 416.412 and 416.420. The wife had no countable income, but the husband's SSRI benefits reduced the couple's monthly SSI benefit to $140.90. Pursuant to 20 C.F.R. § 416.502, each spouse was paid one-half of that amount, or $70.45 per month.

The course of true love does not always run smooth. In February 1984, Ms. Sprandel, who had been living in the husband's household, separated and moved back to her previous apartment. During the next six month period, from March 1984 through August 1984, she continued to receive one-half of the SSI couple benefit ($70.45 per month), her only income, whereas her husband continued to receive $366.10 in SSRI benefits, plus the other half of the couple benefit. The SSI statutes and regulations stipulate that an eligible individual married to an eligible spouse continues to be treated as a member of an eligible couple, even though separated, for the first six months of the separation, 42 U.S.C. § 1382c(b); 20 C.F.R. § 416.1830(a)(1), unless certain events, not relevant here, occur before the expiration of the six month period. 20 C.F.R. §§ 416.1830(a)(2) and (b); 416.1832. During these six months, the couple benefit amount remains the same. 20 C.F.R. § 416.1802(b)(1) and (2). At the seventh month of separation, a cutoff occurs. Pursuant to the cutoff, Mr. Sprandel ceased to be an eligible spouse, 42 U.S.C. § 1382c(b), and Ms. Sprandel was reinstated as an eligible individual. Her husband was not, at any time, eligible for individual SSI benefits because his social security income was too high. *See* 20 C.F.R. § 416.202(c). His status as an eligible spouse was due to the fact that he was categorically an "aged" person, over 65 years of age, and was married to another categorically eligible (disabled) individual. 20 C.F.R. § 416.120(c)(14); *cf.* 20 C.F.R. § 416.1160(c) (ineligible spouse defined).

After the separation, Ms. Sprandel complained administratively about receiving only $70.45 per month for the six month period. She requested a hearing and indicated that her husband's income was not available to her. In an affidavit to the Administrative Law Judge (ALJ), she detailed her difficulties in living on $70.45 a month. She stated that she had asked her

husband for financial help and that he had refused.

It is, we think, important to note that Ms. Sprandel does not challenge and has not challenged the validity of 42 U.S.C. § 1382c(b), the statutory provision which in effect ordains that separated couples be treated as one eligible couple rather than two individuals for six months after separation (thereby assuming, implicitly at least, that married spouses support each other when separated).[1] She did not, and does not, challenge utilization of that implicit assumption to calculate her SSI benefit despite the Secretary's actual knowledge of Mr. Sprandel's failure to provide support to his estranged wife. She has never challenged the amount of the monthly couple benefit ($140.90), or that it remained in effect for the six months of her separation. In short, appellant's focus is a narrow one. It concerns only the manner of payment of the $140.90. She argues that, when one separated spouse has non-SSI income, continued automatic payment of half of the couple benefit to each of the estranged marriage partners is contrary to the purposes of the SSI program. Since her husband had monthly non-SSI income of $366.10, and because he provided no support, Ms. Sprandel contends that she should have received the whole of the couple benefit from and after the separation.

The ALJ upheld the administrative denial and found that the payment of $70.45 per month to each spouse for six months "was consistent with the law and regulations in this case." The Appeals Council declined review, so the denial became the "final decision" of the Secretary.

The district court affirmed, holding that the challenged procedure was defensible, relying primarily upon *Schweiker v. Gray Panthers*, 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981) (one spouse's income may be imputed to an institutionalized spouse for the purpose of calculating eligibility for Medicaid benefits). The court also examined 20 C.F.R. § 416.502 in light of the legislative history of 42 U.S.C. § 1383(a)(2), found the regulation valid, and concluded that the statute permitted the Secretary to make equal payments to each spouse. Finally, the court noted that it was not irrational for the Secretary to take into consideration that the claimant could pursue any right to spousal support in state court, and that the Social Security Act, 42 U.S.C. §§ 659, 662, allowed the garnishment of social security benefits for such support, notwithstanding the general exemptions contained in 42 U.S.C. §§ 407 and 1383(d)(1). *See Sprandel v. Bowen*, No. 85–0401–B, Memorandum and Order (D.Me. Oct. 10, 1986).

## II.

Our review of an SSI administrative regulation such as 20 C.F.R. § 416.502 is limited in scope. The Secretary has a liberal grant of authority under 42 U.S.C. § 405(a) and § 1383(d)(1) to make rules and regulations which are necessary, appropriate and consistent with the provisions of Title XVI. The validity of a regulation so promulgated will be upheld as long as it is reasonably related to the language or purpose of the Act. *Hinckley v. Secretary of Health and Human Services*, 742 F.2d 19, 22 (1st Cir.1984), citing *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660–61, 36 L.Ed.2d 318 (1973). We give considerable deference to an agency's interpretation of its own regulations, *McCuin v. Secretary of Health and Human Services*, 817 F.2d 161, 168 (1st Cir.1987), and construe the provisions of the relevant regulations and statutes to have cohesive meaning. *Id.* We look first to the intent of Congress as expressed in the statutory language, and, if silent or ambiguous, secondly to whether the administrative interpretation is a "sufficiently rational [choice] to preclude a court from substituting its judgment for that of the [agency]." *Young v. Community Nutrition Institute*, 476 U.S. 974, 106 S.Ct. 2360,

---

**1.** We do not imply that the statute is or is not open to effective challenge. It is obviously meant as a safeguard to make it more difficult for social security recipients to manipulate benefit levels by engaging in marriages (and separations) of convenience. We leave any question as to its adequacy for another day.

2365, 90 L.Ed.2d 959 (1986) *see also Chemical Manufacturers Ass'n. v. Natural Resources Defense Council,* 470 U.S. 116, 125, 105 S.Ct. 1102, 1107–08, 84 L.Ed.2d 90 (1985); *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984).

## III.

■ The basic purpose of the SSI program is to assure a minimum level of monthly income for those eligible who are without adequate income or resources to maintain a standard of living at the established federal minimum level. 20 C.F.R. § 416.110; *see Schweiker v. Wilson,* 450 U.S. 221, 223, 101 S.Ct. 1074, 1077, 67 L.Ed. 2d 186 (1981).[2] The House Report accompanying the proposed SSI legislation, the Social Security Amendments of 1972, Pub. L. No. 92–603, stated that "the benefits which would be provided under this program are to meet the most basic needs of the poor." H.R.Rep. No. 92–231, 92d Cong., 1st Sess. 156, *reprinted in* 1972 U.S.Code Cong. & Admin.News 4989, 5142. The Senate Report stated that SSI is "designed to provide a positive assurance that the Nation's aged, blind and disabled people would no longer have to subsist on below poverty level incomes." S.Rep. No. 92–1230, 92d Cong., 2nd Sess. 384 (1972).

The challenged regulation, 20 C.F.R. § 416.502 (the regulation), implements 42 U.S.C. § 1383(a)(2)(A) which provides in relevant part that:

"Payments of the benefit of any individual may be made to any such individual or to his eligible spouse (if any) or partly to each, ..."

This is the original Senate version, 117 Cong.Rec. 32,900 (1971), which is unchanged since its enactment. The disputed part of § 416.502 reads:

"Unless otherwise indicated, the monthly amount for an eligible couple will be divided equally and paid in separate checks to each individual."[3] It also is unchanged since it was adopted in January 1974 as a portion of the payment of benefits subpart of Part 416 which "sets forth the basic criteria regulating the methods and manner of payments ...". 39 Fed.Reg. 8155–56 (1974). The only relevant legislative history regarding § 1383(a)(2)(A) uses identical language in both the House and Senate Reports: "When a husband and wife are entitled to benefits, each may be paid one-half of the total monthly benefit." H.R.Rep. No. 92–231, p. 154 (1971); 1972 U.S.Code Cong. & Admin.News pp. 4989, 5140; S.Rep. No. 92–1230, p. 390 (1972). The unambiguous, non-technical language of the statute indicates that Congress contemplated a number of specific benefit payment options, i.e., to an individual, to an eligible spouse, or partly to each. The methodology for implementing this legislative command, that is, for establishing guidelines to govern the choice among these options in particular situations, was left to the agency.

Within this framework, we conclude that the Secretary acted permissibly in filling the statutory interstices by the promulgation of 20 C.F.R. § 416.502. The regulation clearly comports with the "partly to each" language of § 1383(c)(2)(A), and, so construed, is rationally consistent with the statutory language and the intent of Congress. Delimited in this manner, the regulation does not exceed the Secretary's authority, nor is it arbitrary, capricious or otherwise not in accordance with law. *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1122–23 and n. 5 (1st Cir.1986), citing *Heckler v. Campbell,* 461 U.S. 458, 466, 103 S.Ct. 1952, 1956–57, 76 L.Ed.2d 66 (1983).

## IV.

There is no point in tarrying overlong in respect to this case. Appellant's argument before us is the same as that which she

---

2. In 1984, the federal SSI couple benefit was $472 per month; the individual benefit, $314. The state of Maine also provided a supplement.

3. There is no express provision in the regulation as it stands mandating a division of the couple benefit other than on a fifty-fifty basis.

posed throughout the review process. She claims that the Secretary's regulation, 20 C.F.R. § 416.502, as applied to her situation, is invalid because it countervails the congressional purpose underlying SSI. We realize that for the six months in question appellant's income was below what Congress would view as that "necessary for the subsistence of [an] individual." *Whaley v. Schweiker*, 663 F.2d 871, 873 (9th Cir.1981). And we recognize that one of Congress' purposes in enacting SSI was to "provide a positive assurance that the Nation's aged, blind, and disabled people would no longer have to subsist on below-poverty-level incomes." S.Rep. No. 1230, 92d Cong., 2d Sess. 384 (1972). Despite these generalities however, the agency's authority to fashion suitable regulations is wide. Moreover, such regulations almost by their nature entail line-drawing, and the human mind is not yet so fertile as to devise ways of blocking out general categories—drawing lines—which do not chafe at the outer edges. In our view, 20 C.F.R. § 416.502 represents such a line.

It must be remembered that 20 C.F.R. § 416.502 is not the cause of appellant's financial hardship. Even if the Secretary had drawn the line elsewhere—promulgated another regulation entitling appellant to the entire couple benefit—she would receive only $140 per month. No matter what the regulatory allocation, so long as the presumption of spousal support is applied, SSI recipients in a position factually similar to appellant's will receive no more than $157 per month for six months after separation.[4] The cause of appellant's hardship, then—apart from the failure of her estranged husband to furnish support—is SSI's presumption of continuing spousal support and appellant has not directly challenged the use of this presumption to calculate her benefit.

We need go no further. The district court ably discussed the various reasons

why it should not be held that 20 C.F.R. § 416.502 is invalid as applied to appellant's situation. *See Sprandel v. Bowen*, No. 85–0401–B, Memorandum and Order (D.Me. Oct. 10, 1986). We agree, substantially, with that exposition, and no useful purpose would be served by plowing that ground afresh. We therefore adopt the overall reasoning of the court below.

The long and the short of it is that Ms. Sprandel has not shown that the "line" drawn by the agency is an irrational one, or that it was plotted capriciously. Nor is it at variance with the enabling statutes. To be sure, it is not the *only* regulation which the Secretary could have chosen, but it constitutes a seemingly reasonable selection of one out of several plausible alternatives, the sort of administrative selection to which courts must defer. We acknowledge that the effect of the regulation seems unfair in the peculiar circumstances of this case. But that is endemic to lines—wherever they may be drawn, some people fall on the "other" side. If the § 416.502 "line" were to be redrafted to account for the vagaries of Ms. Sprandel's lot, we do not doubt that it would then chafe other, equally deserving recipients. Short of individualized consideration of the equities of each and every case—a course which would likely paralyze the system,—there are no perfect solutions.

In considering whether we can provide the remedy that appellant has requested—invalidation of 20 C.F.R. § 416.502 as applied—we are reminded of the admonition of Justice Harlan: "it is the duty of all courts of justice to take care, for the general good of the community, that hard cases do not make bad law." *United States v. Clark*, 96 U.S. (6 Otto) 37, 49, 24 L.Ed. 696 (1877), (Harlan, J. dissenting) (quoting Lord Campbell in *East Indian Co. v. Paul*, 7 Moo.P.C.C. 11). Ms. Sprandel's case is a hard one—but that does not justify us in

---

4. In 1984, any individual, like Mr. Sprandel, who was ineligible for SSI as an individual because of excess income, but eligible as an "eligible spouse" must receive at least $315 per month in income. *See* 20 C.F.R. §§ 416.202, 416.410 (individual receiving income of more than $314 per month is ineligible for SSI as an individual). Therefore, the maximum SSI benefit for an "eligible couple" in the position of the Sprandels is $157 per month ($472 − $315 = $157). *See* 20 C.F.R. § 416.412 (couple benefit is $472 per month less countable income).

setting aside a valid exercise of the Secretary's regulatory power.

*Affirmed.*