[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14809
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60143-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 3, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

After pleading guilty, Charlie Jenkins appeals his 60-month sentence for attempt to commit bank robbery, in violation of 18 U.S.C. § 2113(a).  On direct appeal, Jenkins asserts that the district court erred in enhancing his sentence as a career offender under U.S.S.G. § 4B1.1.  After review, we affirm.

## I.  BACKGROUND

### A.  Offense Conduct

Pursuant to a plea agreement, Jenkins pled guilty to attempted bank robbery, in violation of 18 U.S.C. § 2113(a).  The government's information charged that Jenkins attempted to rob the bank "by force, violence, and intimidation."

The factual proffer, accompanying the plea agreement, stated that on March 2, 2015, Jenkins entered a Bank of America branch and approached a line of customers at a teller station.  After Jenkins informed a bank employee that he wanted to make a withdrawal, the employee escorted him toward an ATM machine.  Jenkins told the employee that Jenkins needed to speak with someone and was not interested in using the ATM machine.  Jenkins then entered the line of another teller station.

When he approached the teller's counter, Jenkins, while appearing to be shaking, removed a note from his bag and stated, "This is a stick up, you hear?" He then handed the note to the teller, which read, "need $3,000—$100's no dye packs please."  The teller took the note and walked back toward the vault while

2

"frantically" attempting to activate a silent alarm.  The teller indicated that she became fearful for her life after being given the robbery note.  At some point while the teller was away from her station, Jenkins left the bank without obtaining any of the bank's property.

## B.    Presentence Investigation Report

The presentence investigation report ("PSI") calculated Jenkins's base offense level as 20, pursuant to U.S.S.G. § 2B3.1.  The PSI assigned a two-level increase under § 2B3.1(b)(1) because the object of the offense involved the taking of property of a financial institution, resulting in an adjusted offense level of 22.

The PSI also classified Jenkins as a career offender, pursuant to U.S.S.G. § 4B1.1(a), which provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  See U.S.S.G. § 4B1.1(a).  The PSI identified these two qualifying prior Florida convictions: (1) a 1999 conviction for robbery;[1] and (2) a 2002 conviction for "Strong Arm Robbery."

As a result of the career offender designation, the PSI set Jenkins's offense level at 32.  See U.S.S.G. § 4B1.1(b) (providing an offense level of 32 if, as in

---

[1]See infra note 2.

3

Jenkins's case, the statutory maximum for the offense of conviction is at least 20 years, but less than 25 years in prison).  The PSI reduced Jenkins's offense level by 3 levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), yielding a total offense level of 29.

As to criminal history, the PSI listed Jenkins's 1992 federal bank robbery conviction and his above two prior Florida robbery convictions.  Due to Jenkins's career-offender status, the PSI raised his criminal history category from III to VI. Based on his criminal history category of VI and an adjusted offense level of 29, Jenkins's resulting advisory guidelines range was 151 to 188 months' imprisonment.

## C.    Jenkins's Objections

Jenkins objected to the PSI's career-offender designation under § 4B1.1(a). Jenkins argued that his 1999 Florida robbery conviction was not a predicate "crime of violence" as defined by § 4B1.2(a).  Specifically, Jenkins contended that at the time of his conviction, Florida's robbery statute, Florida Statutes § 812.13, would include a robbery by mere sudden snatching, would not require the use, attempted use, or threatened use of physical force, and would not present a serious risk of physical injury to another, and thus would not be a generic robbery.  Jenkins pointed out that in 1999, after his conviction, the Florida Legislature enacted a separate robbery by sudden snatching statute, Florida Statutes § 812.131.  Jenkins

4

argued that before the new law in 1999, robberies by sudden snatching were prosecuted under § 812.13.  Jenkins argued that the district court was required to assume he was convicted of robbery by sudden snatching in 1999.

The probation officer's Addendum to the PSI responded to Jenkins's objections.  The PSI Addendum stated, inter alia, that on June 17, 1999, Jenkins "was convicted of robbery under Florida Statute [§] 812.13(2)(c)."  The PSI Addendum explained that the carrying of a weapon is not an element of a § 812.13(1) offense, but rather determined the degree of felony.  See Fla. Stat. § 812.13(2)(c) (making a violation of § 812.13(1) a second degree felony if the defendant "carried no firearm, deadly weapon, or other weapon" during the robbery (emphasis added)).  The PSI Addendum maintained that Jenkins's § 812.13(1) conviction was a "crime of violence" under § 4B1.2 regardless of whether the offense included sudden snatching.[2]

---

[2]Based on the current record, we must reject the government's contention that Jenkins's 1999 conviction was for "armed" robbery, not just robbery.  Paragraph 25 of the PSI initially labeled Jenkins's 1999 conviction as an "Armed Robbery," but did not include any citation to a Florida statute of conviction or contain any description of the circumstances of the offense.  The government did not submit any Shepard documents.  Jenkins objected to paragraph 25, arguing that this robbery conviction was not a crime of violence.  In response, the probation officer's PSI Addendum clarified that Jenkins was convicted "under Florida Statute [§] 812.13(2)(c)," which makes a robbery under § 812.13(1) a second degree felony when the defendant did not carry a weapon during the offense.  Neither party objected to this statement in the PSI Addendum.  See United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006) (explaining that a failure to object to facts contained in the PSI and any addendum to the PSI admits those facts for sentencing purposes).

Jenkins filed an objection to the PSI Addendum, arguing that: (1) § 4B1.2(a)(2)'s residual clause was unconstitutionally vague; (2) his "pre-1999 Florida robbery" conviction did not qualify as a crime of violence; and (3) his instant federal bank robbery offense under 18 U.S.C. § 2113(a) was committed "by intimidation" and thus was not a "crime of violence." The government filed no objections to the PSI or the PSI Addendum.

### D.    Sentencing Hearing

At sentencing, Jenkins acknowledged that the district court was bound by this Court's recent decision in United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), which rejected a constitutional-vagueness challenge to § 4B1.2(a)(2)'s residual clause. Jenkins reiterated all of his previous objections. Jenkins contended that, because the government failed to produce Shepard documents to the contrary, the district court was required to assume that his 1999 robbery conviction was for a robbery by mere sudden snatching. The government responded that Jenkins's instant 18 U.S.C. § 2113(a) offense and his prior 1999 Florida robbery conviction were both crimes of violence under all three clauses of U.S.S.G. § 4B1.2(a).

The district court overruled Jenkins's objections. The district court found that both Jenkins's 1999 Florida robbery conviction and his instant 18 U.S.C. § 2113(a) offense for attempted bank robbery were crimes of violence under

6

U.S.S.G. § 4B1.2(a).  The district court calculated Jenkins's total offense level as 29, his criminal history category as VI, and his advisory guidelines range as 151 to 188 months.

Jenkins's counsel requested, among other things, a downward departure pursuant to U.S.S.G. § 5H1.3 because of Jenkins's significant mental health conditions.  Counsel noted that Jenkins was arrested for his Florida robbery offense in 1995, but his conviction was delayed until 1999 because he was not mentally competent to stand trial and was institutionalized for several years.  Counsel asked for a 48-month sentence.  The government agreed that a downward departure was appropriate and left the extent of the departure to the district court's discretion.

After stating that it had considered the parties arguments, the PSI, the Sentencing Guidelines, and the 18 U.S.C. § 3553(a) factors, the district court found that Jenkins had a "documented history of severe mental disease" that warranted a § 5H1.3 downward departure.  The district court imposed a 60-month sentence.

## II.  DISCUSSION

### A.    Career Offender Provisions of the Sentencing Guidelines

The Sentencing Guidelines' career offender enhancement, if applicable, changes a defendant's offense level and sets a criminal history category of VI, usually resulting in an increased advisory guidelines range.  See U.S.S.G. § 4B1.1(b).  As noted earlier, to be a career offender, Jenkins's instant felony

offense of conviction must be a crime of violence and he must have two prior felony convictions for a crime of violence.  See U.S.S.G. § 4B1.1(a).  Section 4B1.2(a) defines a "crime of violence" as a felony that: (1) has as an element the use, attempted use, or threatened use of physical force (the elements clause); (2) is specifically enumerated as a crime of violence within the guideline (the enumerated offenses clause); or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another (the residual clause).  Id. § 4B1.2(a).[3]

**B.    Jenkins's Instant 18 U.S.C. § 2113(a) Conviction**

The first issue is whether Jenkins's instant offense—attempted bank robbery—is a crime of violence.  Jenkins's statute of conviction for his attempted bank robbery is 18 U.S.C. § 2113(a).  Section 2113(a) makes it a crime if any person "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association."  18 U.S.C. § 2113(a) (emphasis added).  For § 2113(a) purposes, "intimidation occurs when an ordinary person in the teller's position reasonably

---

[3]"We review de novo whether a prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines."  United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011).

could infer a threat of bodily harm from the defendant's acts." United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005) (quotation marks omitted).

Robbery is listed as an enumerated offense for purposes of § 4B1.2. See U.S.S.G. § 4B1.2, cmt. n.1; United States v. Lockley, 632 F.3d. 1238, 1241-42 (11th Cir. 2011). The term "crime of violence" also includes attempts to commit an enumerated offense. U.S.S.G. § 4B1.2, cmt. n.1. When an offense is specifically enumerated as a crime of violence, this Court "compare[s] the elements of the crime of conviction to the generic form of the offense" to determine whether the prior conviction qualifies as a crime of violence. Lockley, 632 F.3d. at 1241-42.

The generic definition of robbery is "the taking of property from another person or from the immediate presence of another person by force or intimidation." Id. at 1244 (quotation marks omitted). Under the generic approach, intimidation is the fear of bodily harm. Id.

The elements of a § 2113(a) offense are nearly identical to the elements of generic robbery. Both § 2113(a) and generic robbery at a minimum require the taking to be by intimidation, i.e., a perceived threat of bodily harm. Therefore, we conclude that bank robbery, or attempted bank robbery, under § 2113(a), even when perpetrated by means of intimidation, is an enumerated offense that qualifies as a crime of violence under § 4B1.2(a).

9

Moreover, a § 2113(a) offense qualifies under the elements clause. To qualify under the elements clause, an offense must have as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The phrase "physical force" requires "<u>violent</u> force" or "force capable of causing physical pain or injury to another person," not merely an intentional, unwanted touching. See <u>Johnson v. United States</u>, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010) (interpreting an almost identical elements clause found in the Armed Career Criminal Act ("ACCA")).

Here, Jenkins's § 2113(a) offense committed by intimidation has as an element the "threatened use of physical force" because "intimidation" requires the defendant to take actions from which an ordinary person could reasonably infer a threat of bodily harm. The threat of bodily harm is sufficient to qualify as the threatened use of "physical force" or "force capable of causing physical pain or injury to another person." See <u>Johnson</u>, 559 U.S. at 140, 130 S. Ct. at 1271. Thus, a § 2113(a) offense also qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)'s elements clause.

## C.    Jenkins's Prior 1999 Florida Robbery Conviction

Jenkins's prior 1999 Florida conviction was for robbery under Florida Statutes § 812.13(1) and (2)(c). Florida law, both now and in 1995 when Jenkins was arrested, defined "robbery" as:

10

the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, <u>when in the course of the taking there is the use of force, violence, assault, or putting in fear.</u>

Fla. Stat. § 812.13(1) (emphasis added).  If the defendant "carried no firearm, deadly weapon, or other weapon," during the commission of the robbery, the offense, also known as strong arm robbery, is punishable as a second degree felony.  <u>Id.</u> § 812.13(2)(c); <u>Selkirk v. State</u>, 815 So. 2d 758 (Fla. 4th Dist. Ct. App. 2002).

In <u>Lockley</u>, this Court concluded that a robbery conviction under § 812.13(1) categorically constitutes a crime of violence under both the enumerated offenses clause and the elements clause of U.S.S.G. § 4B1.2(a).  <u>See</u> 632 F.3d at 1241-45.  As to the enumerated offenses clause, the <u>Lockley</u> Court determined that the commission of a § 812.13(1) offense "necessarily requires," <u>inter alia</u>, "using force, violence, or an intentional threat of imminent force or violence against another coupled with an apparent ability to use that force or violence, or by causing the person to fear death or great bodily harm."  <u>Id.</u> at 1242-43.  After comparing the elements of the two offenses, the <u>Lockley</u> Court concluded that a robbery under § 812.13(1) and generic robbery "are clear equivalents" and that a § 812.13(1) offense "categorically qualifies" as a crime of violence under the enumerated offenses clause.  <u>Id.</u> at 1244-45.

11

As to the elements clause, the Court found that § 812.13(1) requires either the use of force or violence, the threat of imminent force or violence coupled with apparent ability, "or some act that puts the victim in fear of death or great bodily harm." Id. at 1245. The Court stated that it found "it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force" within the meaning of § 4B1.2(a)(1). Id. Thus, a conviction under § 812.13(1) also "categorically qualifies under the elements clause as a predicate for the career offender enhancement." Id. Under Lockley, therefore, Jenkins's 1999 § 812.13(1) robbery conviction is a crime of violence under U.S.S.G. § 4B1.2(a).

On appeal, Jenkins argues that we are not bound by Lockley because it addressed a 2001 robbery conviction under § 812.13(1), after the Florida Legislature enacted a separate robbery by sudden snatching statute, Florida Statutes § 812.131, on October 1, 1999. See Fla. Stat. § 812.131; 1999 Fla. Laws 969; see also Lockley, 632 F.3d at 1246 & n.7 (distinguishing "§ 812.13(1) from its less-serious counterpart, Fla. Stat. § 812.131(1)" because § 812.13(1) "concerns a far more aggressive and potentially violent form of robbery"). According to Jenkins, before the October 1999 enactment (and specifically when he was charged in 1995), a taking by sudden snatching was prosecuted as a robbery under § 812.13(1). Thus, Jenkins maintains, prior to October 1, 1999, § 812.13(1)

12

included conduct—sudden snatching—that both falls outside the generic definition of robbery and lacks the requisite use of violent force.  As such, his pre-October 1, 1999 conviction under § 812.13(1) cannot categorically qualify as a crime of violence under either the enumerated offenses clause or the elements clause of U.S.S.G. § 4B1.2(a).[4]

The problem for Jenkins is that § 812.13(1) has never included a taking by sudden snatching, as the Florida Supreme Court explained in Robinson v. State, 692 So. 2d 883 (Fla. 1997).

In Robinson, the Florida Supreme Court was called upon to resolve a split among its intermediate appellate courts on the question of "whether the snatching of property by no more force than is necessary to remove the property from a person who does not resists amounts to robbery in Florida" under § 812.13(1).  Id. at 884-85 & n.1.  The Florida Supreme Court pointed to its 1976 decision in McCloud v. State, 335 So. 2d 257 (Fla. 1976), and reiterated that snatching does not involve the degree of physical force needed to constitute a robbery under § 812.13(1) because the physical force used must have overcome the victim's resistance, as follows:

---

[4]In the district court, Jenkins referred to the challenged Florida robbery conviction as his "1995 robbery conviction."  In this Court, Jenkins refers to it as his "pre-1999 conviction."  It is undisputed, however, that Jenkins was arrested in 1995, but was not convicted until June 1999.  The crux of Jenkins's argument is that he was arrested, charged, and convicted under § 812.13(1) before Florida's legislature enacted § 812.131 in October 1999.

13

In accord with our decision in McCloud, we find that in order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person. Rather, there must be resistance by the victim that is overcome by the physical force of the offender.

Id. at 886. The Florida Supreme Court reaffirmed that "[t]he snatching or grabbing of property without such resistance by the victim amounts to theft rather than robbery." Id. at 887. In Robinson, the Florida Supreme Court stated that "Florida courts have consistently recognized that in snatching situations, the element of force as defined herein distinguishes the offenses of theft and robbery." Id. In other words, Robinson reaffirmed and clarified what had already been the law in Florida since at least the McCloud decision in 1977—that merely snatching property without using force to overcome the victim's resistance did not constitute a robbery under § 812.13(1).

Jenkins points to language in United States v. Welch, 683 F.3d 1304 (11th Cir. 2012), in which this Court addressed whether a 1996 Florida robbery conviction was a violent felony under the ACCA. As to the ACCA's elements clause, the defendant in Welch made the same argument Jenkins raises in this case—that Lockley was distinguishable "because Lockley was convicted after Florida promulgated the 'sudden snatching' statute, so snatching from the person might furnish the basis for a robbery conviction here but not in Lockley." Id. at 1310, 1312. The Welch Court acknowledged the defendant's argument, stating

14

that while the distinction "may fairly be made," it saw "no reason not to apply Lockley to 1996 Florida robbery, even if robbery at that time could be accomplished by mere snatching." Id. at 1312. Noting that "the issue is not cut and dried," however, the Court concluded that it need not reach the elements clause issue because a snatching "suffices under the [ACCA's] residual clause." Id. at 1313.[5]

In addition to not reaching the issue, Welch is unpersuasive in light of the Florida Supreme Court's reasoning in Robinson, which makes it clear that a § 812.13(1) robbery has "consistently" required more force than a sudden snatching. 692 So. 2d at 887. As the Welch Court noted, the defendant in that case had pled guilty before Robinson was decided and "in a judicial district," namely the Fourth District Court of Appeal, "that had not yet spoken definitively on the question." Welch, 683 F.3d 1311 & nn.31-32. Jenkins, on the other hand, was arrested and charged in Winter Haven, Florida, which is in Polk County, within Florida's Second District Court of Appeal. The Second District had ruled long before Jenkins's 1995 robbery arrest that more than a mere snatching was

---

[5]Welch was decided before Johnson v. United States, 576 U.S. ___, ___, 135 S. Ct. 2551, 2557 (2015), which held that the ACCA's residual clause was unconstitutionally vague. In his subsequent proceedings under 28 U.S.C. § 2255, Welch argued that Johnson applies retroactively on collateral review. The Supreme Court agreed and remanded Welch's § 2255 proceedings to this Court to determine whether the district court's denial of his § 2255 motion was correct "on other grounds," noting that "the parties continue to dispute whether Welch's strong-arm robbery conviction qualifies as a violent felony under the elements clause of the Act." See Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257, 1268 (2016).

required to sustain a robbery conviction under § 812.13(1).  See, e.g., Goldsmith v. State, 573 So. 2d 445, 445 (Fla. 2d Dist. Ct. App. 1991); Adams v. State, 295 So. 2d 114, 116 (Fla. 2d Dist. Ct. App. 1974); see also Robinson, 692 So. 2d at 887 (citing the Second District's Goldsmith decision as one of the decisions in which Florida courts had "consistently recognized" that a mere snatching was theft rather than robbery).

Moreover, although Jenkins was arrested in 1995, he was not convicted until June 17, 1999, more than two years after Robinson was decided on April 24, 1997. In other words, if in fact Jenkins's 1995 conduct had been a mere snatching, by April 24, 1997, it would have been patently clear to state prosecutors in every judicial district in the state of Florida that a § 812.13(1) robbery charge based on such conduct could not be sustained.  Thus, unlike the defendant in Welch, Jenkins could not have been convicted under § 812.13(1) for a taking by sudden snatching.[6]

### III.  CONCLUSION

In sum, Jenkins's offense of conviction—attempted bank robbery under 18 U.S.C. § 2113(a)—qualifies as a crime of violence under U.S.S.G. § 4B1.2(a).  In addition, Jenkins has two prior felony convictions—his two prior robbery

---

[6]Because Jenkins was convicted under § 812.13(1), which does not include, and never has included, sudden snatching, we have no occasion to address whether a Florida conviction for taking property by sudden snatching, either before or after 1999, constitutes a crime of violence under U.S.S.G. § 4B1.2(a).

16

convictions under Florida Statutes § 812.13(1)—that also qualify as crimes of violence under § 4B1.2(a).  Therefore, the district court properly classified Jenkins as a career offender under § 4B1.1(a) and correctly calculated his applicable offense level and criminal history category pursuant to § 4B1.1(b).[7]  Accordingly, we affirm Jenkins's 60-month sentence.

**AFFIRMED.**

---

[7]The parties vigorously dispute whether Jenkins's current 18 U.S.C. § 2113(a) conviction and his prior 1999 Florida robbery conviction can or should still qualify as a "crime of violence" under § 4B1.2(a)(2)'s residual clause in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), this Court's decision in United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), and the Sentencing Commission's recent proposed amendment, effective August 1, 2016, deleting the residual clause from § 4B1.2(a)(2).  Because, for the reasons discussed above, we conclude that both of Jenkins's challenged convictions qualify as "crimes of violence" under the enumerated offenses clause and the elements clause, we need not address the issues raised as to the residual clause.