**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PATRICK H. McGUIRE,

    Defendant - Appellant.

No. 16-3282
(D.C. Nos. 6:16-CV-01166-JTM and
6:92-CR-10096-JTM-1)
(D. Kan.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
———————————————————

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
———————————————————

Patrick McGuire seeks a certificate of appealability ("COA") to appeal the

district court's dismissal of his 28 U.S.C. § 2255 motion. We deny a COA and

dismiss the appeal.

**I**

Following a jury trial in 1993, McGuire was convicted of aiding and abetting

an armed bank robbery. He was acquitted on additional charges of carrying a firearm

during and in relation to a crime of violence and being a felon in possession of a

firearm. The presentence investigation report ("PSR") recommended a sentence

enhancement under U.S.S.G. § 4B1.1(B), based on findings that McGuire was at least

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

eighteen years old at the time of his offense, he had two prior felony convictions involving crimes of violence, and his instant offense qualified as a crime of violence under the Guidelines. The district court adopted the findings and recommendations in the PSR and sentenced McGuire to 25 years' imprisonment.

McGuire filed his § 2255 motion in district court on May 31, 2016, arguing that his sentence should be vacated under Johnson v. United States, 135 S. Ct. 2551 (2015). The district court denied relief, holding that McGuire had erroneously asserted he was convicted of carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). The court further concluded that even if it construed McGuire's motion as challenging his sentence enhancement under the Guidelines' career offender provisions, his bank robbery conviction constituted a crime of violence without reliance on the unconstitutional "residual clause" of U.S.S.G. § 4B1.2(1)(ii) (1989). The court declined to issue a COA, which McGuire now seeks from this court.[1]

## II

A movant may not appeal the denial of habeas relief under 28 U.S.C. § 2255 without a COA. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A movant meets this standard by demonstrating "that reasonable jurists could debate

---

[1] Although the PSR, judgment of conviction, indictment, and jury instructions from McGuire's criminal trial were not part of the record on appeal, we exercise our discretion to take judicial notice of these documents, which were publicly filed in prior proceedings in the district court or this court. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

In his application to this court, McGuire asserts that he was convicted of carrying a firearm during and in relation to a crime of violence under § 924(c), and that this conviction must be vacated in light of Johnson. But as the district court correctly noted, McGuire was not convicted of that charge. Accordingly, he has not stated a claim for relief.

Even construing McGuire's application liberally to assert that his sentence for the bank robbery conviction was unconstitutionally enhanced based on a finding that federal bank robbery constitutes a "crime of violence" under § 4B1.1,[2] we conclude he has not made a substantial showing of the denial of a constitutional right. At the time of McGuire's conviction, § 4B1.2 defined a "crime of violence" as

> any offense under federal or state law punishable by imprisonment for a
> term exceeding one year that (i) has as an element the use, attempted
> use, or threatened use of physical force against the person of another, or
> (ii) is burglary of a dwelling, arson, or extortion, involves use of

---

[2] McGuire does not cite to § 4B1.1 in either his initial § 2255 motion or his application for a COA. However, he does argue that he was subject to a sentence enhancement under the "residual clause" of § 924(c), and that this clause was invalidated by Johnson. Section 4B1.2(1)(ii) of the Guidelines, which defines "crime of violence," contains language identical to the residual clause in § 924. Compare U.S.S.G. § 4B1.2(1)(ii) (1989), with 18 U.S.C. § 924(e)(2)(B)(ii). In construing McGuire's pro se filings liberally, we assume he meant to challenge the sentence enhancement imposed pursuant to § 4B1.1.

> explosives, or <u>otherwise involves conduct that presents a serious</u>
> <u>potential risk of physical injury to another</u>.

(emphasis added). The second clause of subsection (ii) is identical to § 924's

residual clause, which was held unconstitutionally vague in <u>Johnson</u>. Accordingly, if

McGuire's sentence was enhanced under that provision, he could be entitled to relief.

See <u>United States v. Madrid</u>, 805 F.3d 1204, 1211 (10th Cir. 2015) (holding that the

residual clause of § 4B1.2 is unconstitutionally vague).

As the district court concluded, however, McGuire's federal bank robbery

conviction qualifies as a predicate offense under the elements clause of § 4B1.2(1)(i)

because it contains, as an element, the use or threatened use of force.[3] Because

§ 2113(a) is divisible,[4] we apply the modified categorical approach to determine

which elements of the statute formed the basis of McGuire's conviction. See

<u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281 (2013) (stating that courts

presented with a statute that "sets out one or more elements of the offense in the

alternative" may look to certain types of documents, such as indictments and jury

instructions, "to determine which alternative formed the basis of the defendant's prior

---

[3] That McGuire was convicted as an aider and abettor and not as a principal is irrelevant to our analysis. Under 18 U.S.C. § 2, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

[4] Section 2113(a) includes at least two sets of divisible elements: (1) taking, or attempting to take, by force, violence, or intimidation, property from a bank; and (2) entering or attempting to enter any bank, credit union, or savings and loan association with the intent to commit a felony. See <u>United States v. McBride</u>, 826 F.3d 293, 296 (6th Cir. 2016) (noting that § 2113(a) "seems to contain a divisible set of elements, only some of which constitute violent felonies").

4

conviction"). Review of the indictment and jury instructions from McGuire's criminal trial reveals that he was charged and convicted of aiding and abetting in the taking, by force and violence, and by intimidation, from the person or presence of another, approximately $68,256.00 belonging to a bank.

McGuire's crime of conviction thus has "as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(1)(i). Although § 2113(a) includes a taking "by intimidation," courts have stated that "intimidation" involves the threat of physical force. See, e.g., McBride, 826 F.3d at 295-96; Lloyd v. United States, No. CIV 16-0513, 2016 WL 5387665, at *5 (D.N.M. Aug. 31, 2016) (unpublished) ("The Courts of Appeals have uniformly ruled that federal crimes involving takings 'by force and violence, or by intimidation,' have as an element the use, attempted use, or threatened use of physical force."); cf. United States v. Harris, No. 16-1237, 2017 WL 34458, at *9 (10th Cir. Jan. 4, 2017) (to be published in F.3d) (holding that Colorado robbery, whether committed by force, or by threats or intimidation, "has as an element the use or threatened use of physical force against another"). Moreover, courts have consistently held that federal bank robbery qualifies as a predicate offense under the Guidelines' elements clause. See, e.g., McBride, 826 F.3d at 295-96; United States v. Jenkins, 651 F. App'x 920, 925 (11th Cir. 2016) (unpublished); United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990). Accordingly, even construing McGuire's application liberally, no reasonable jurist would debate the district court's denial of habeas relief.

## III

For the foregoing reasons, we **DENY** McGuire's application for a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge