**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 17-1069

SAMUEL DIXON,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Barron, Circuit Judges.

Judith H. Mizner, Assistant Federal Defender, on brief for appellant.
Andrew E. Lelling, United States Attorney, and Randall E. Kromm, Assistant United States Attorney, on brief for appellee.

April 11, 2018

**Per Curiam.** We have said that every time Congress draws a line, some people are bound to fall on the wrong side of it. See Sprandel v. Sec'y of HHS, 838 F.2d 23, 27 (1st Cir. 1988) (per curiam). If the deadline that Congress has chosen seems harsh when applied in a given case, such a risk of perceived harshness "is endemic to lines." Id. So it is here: the petitioner filed his motion to vacate or correct his sentence one day after the deadline established by Congress had expired. Consequently, his motion was late — and the petitioner has not alleged any facts that would suggest a justification for excusing the untimely filing. Therefore, we summarily affirm the district court's order of dismissal.

We start by rehearsing the travel of the case. In 2013, petitioner-appellant Samuel Dixon was convicted of being a felon in possession of a firearm and ammunition, see 18 U.S.C. § 922(g)(1), and was sentenced to a 220-month term of immurement. He unsuccessfully appealed his conviction to this court and failed in his effort to obtain review in the Supreme Court. See United States v. Dixon, 787 F.3d 55 (1st Cir.), cert. denied, 136 S. Ct. 280 (2015).

On October 6, 2016 — exactly one year and one day after the Supreme Court had denied review — the petitioner filed a motion in the district court under 28 U.S.C. § 2255. That motion challenged his status as a career criminal under the Armed Career

Criminal Act (ACCA), 18 U.S.C. § 924(e), and sought to vacate or correct his sentence. To place his challenge into a workable perspective, some background is helpful.

The ACCA imposes higher mandatory minimum sentences on career criminals, that is, defendants with three or more convictions for violent felonies or serious drug offenses (commonly referred to as "predicate offenses"). See id. When the petitioner was sentenced in 2013, convictions could qualify as convictions for violent felonies (and, thus, as predicate offenses) under either the "residual" clause or the "force" clause of the ACCA. See United States v. Starks, 861 F.3d 306, 314 (1st Cir. 2017). The presentence investigation report prepared by the probation department for the petitioner's sentencing enumerated predicate offenses which, collectively, qualified the petitioner as an armed career criminal. These offenses included a federal conviction for armed bank robbery, two federal convictions for unarmed bank robbery, a Massachusetts conviction for larceny, two Massachusetts convictions for assault and battery with a dangerous weapon (ABDW), two Massachusetts convictions for unarmed robbery, and a Massachusetts conviction for possession of a controlled substance. Given this litany of offenses, the district court concluded that the petitioner should be sentenced as an armed

career criminal.[1]  This determination produced a substantially longer sentence than otherwise would have been imposed.

In Johnson I, the Supreme Court held that the force clause of the ACCA requires violent force capable of causing physical pain or injury to another person.  See Johnson v. United States (Johnson I), 559 U.S. 133, 140 (2010).  Five years later, in Johnson II, the Supreme Court ruled that the residual clause of the ACCA's definition of violent felony was unconstitutionally vague.  See Johnson v. United States (Johnson II), 135 S. Ct. 2551, 2557 (2015).  This decision opened the door for those individuals who were sentenced as armed career criminals based on prior convictions that qualified as predicate offenses under the residual clause to challenge their sentences.  See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).  The petitioner brought just such a challenge, filing a motion under 28 U.S.C. § 2255 to vacate or correct his sentence in light of Johnson II.  He alleged that his prior state convictions for larceny, robbery, and ABDW, as well as his prior federal convictions, no longer could count as

---

[1]  We do not imply that all of the listed offenses were predicate offenses.  Rather, the sentencing court determined that at least three of them qualified as predicate offenses.

predicate offenses in ascertaining his armed career criminal status.[2]

The government objected to the motion both on timeliness grounds and on the merits. With respect to timeliness, the government argued that the motion was filed one day late and, thus, was time-barred. The district court bypassed the temporal question and went straight to the merits of the petitioner's claims. It analyzed whether and to what extent his prior convictions qualified as convictions for violent felonies under the still-constitutional force clause of the ACCA. Examining the federal bank robbery statute under which the petitioner had been convicted and noting that several courts of appeals had recently held that the crime of federal bank robbery, whether armed or unarmed, qualified as a violent felony under the force clause, see, e.g., United States v. McBride, 826 F.3d 293 (6th Cir. 2016); United States v. Jenkins, 651 Fed. App'x 920 (11th Cir. 2016); United States v. McNeal, 818 F.3d 141 (4th Cir. 2016),[3] the district court ruled that the

---

[2] The petitioner did not dispute that his prior controlled substance conviction continued to qualify as a predicate offense for ACCA purposes.

[3] Some of the cases relied upon by the district court involved determining whether bank robbery is a "crime of violence" under the career offender provision of the sentencing guidelines. After the district court ruled in this case, we similarly held that federal bank robbery by "force and violence, or by intimidation" is a crime of violence under the career offender guideline. United States v. Ellison, 866 F.3d 32, 39-40 (1st Cir. 2017). Although the career offender guideline uses the term "crime of violence" and the ACCA uses the term "violent felony," the two terms have

- 5 -

petitioner's three federal bank robbery convictions comprised convictions for predicate offenses under the force clause of the ACCA.[4]  On this basis, the court held that the petitioner was properly sentenced as an armed career criminal and denied the petitioner's motion.  This appeal followed.

We are not wed to the district court's reasoning but, rather, may affirm on any ground made manifest by the record.  See United States v. George, ____ F.3d ___, ___ (1st Cir. 2018) [No. 17-1371, slip op. at 15]; InterGen N.V. v. Grina, 344 F.3d 134, 141 (1st Cir. 2003).  Although the district court chose to deny the petition on the merits, we begin — and end — with the logically antecedent question of timeliness, which we review de novo.

The controlling statute imposes a one-year period of limitations on the filing of a motion to vacate or correct a sentence.  See 28 U.S.C. § 2255(f); see also Clay v. United States, 537 U.S. 522, 524 (2003).  As relevant here, the limitations clock starts to tick from the later of "the date on which the judgment of conviction becomes final" or "the date on which the right

---

nearly identical meanings and, therefore, "decisions construing one term inform the construction of the other."  United States v. Hart, 674 F.3d 33, 41 n.5 (1st Cir. 2012).

[4] Subsequent to the district court's ruling, this court held that federal bank robbery by "force and violence, or by intimidation" qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c), which is even broader than the ACCA force clause.  See Hunter v. United States, 873 F.3d 388, 390 (1st Cir. 2017); see also 18 U.S.C. § 2113(a).

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). Under the latter alternative, the limitations period in section 2255 begins to run from the date that the right is first recognized by the Supreme Court, not from the date that the Court announces that the right is made retroactive. See Dodd v. United States, 545 U.S. 353, 358-59 (2005). Thus, the petitioner had one year from the later of these dates in which to move to vacate or correct his sentence.

The date on which the petitioner's conviction became final was October 5, 2015, when the Supreme Court denied certiorari in his case. See Clay, 537 U.S. at 527. The date on which the right asserted was initially recognized by the Supreme Court was June 26, 2015, when the Supreme Court issued its opinion in Johnson II. See 135 S. Ct. at 2251. It follows that the last possible date on which the petitioner could have made a timeous filing of his motion was October 5, 2016 (one year after the Supreme Court denied his certiorari petition). See Clay, 537 U.S. at 527; Butterworth v. United States, 775 F.3d 459, 468 (1st Cir. 2015). Yet, the petitioner did not file his motion to vacate or correct his sentence in the district court until October 6, 2016. That was one day late.

- 7 -

To be sure, the one-year limitations period for filing a motion under section 2255 is non-jurisdictional and, thus, subject to equitable tolling. See Ramos-Martínez v. United States, 638 F.3d 315, 322 (1st Cir. 2011). A court's power to invoke equitable tolling must be exercised on a "case-by-case basis." Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Holland v. Florida, 560 U.S. 631, 650 (2010)). And even where a court has the raw power to invoke equitable tolling, that power should be exercised "sparingly." Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004).

It is the petitioner's burden to demonstrate to a court why the circumstances of his case justify equitable tolling of the limitations period. See Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012). To carry this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. Put simply, the petitioner must satisfy the court that circumstances beyond his control prevented him from filing his motion within the one-year window provided by section 2255(f). See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).

The petitioner has not made such a showing. To begin, he has not proffered any facts sufficient to justify his tardiness. Indeed, he has not in any way attempted to justify his late filing.

Nor does he give any reasons, compelling or otherwise, that would support a decision to excuse his tardiness. To cinch matters, we note that the issue of timeliness was clearly raised by the government both in the district court and in this court, yet the petitioner's briefing is wholly silent on the subject. This "paucity of information" itself erects an insurmountable barrier for the petitioner. Ramos-Martínez, 638 F.3d at 324. He has had ample opportunity to attempt to justify his tardiness, and his silence speaks volumes. Consequently, the one-year limitations period controls.

We need go no further. For the reasons elucidated above, the denial of the petitioner's motion to vacate or correct his sentence is summarily

**Affirmed.** See 1st Cir. R. 27.0(c).