**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff–Appellee,

v.

RONALD JOHN RINKER,

     Defendant–Appellant.

No. 18-1227
(D.C. Nos 1:16-CV-01514-MSK and
1:05-CR-00515-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal requires us to decide whether armed bank robbery constitutes a crime of violence under 18 U.S.C. § 924(c)'s elements clause. The issue grows out of Mr. Ronald Rinker's guilty plea on a charge of brandishing a firearm during a crime of violence (armed bank robbery). Following the district court's acceptance of the plea and imposition of the sentence, Mr. Rinker moved for relief under 28 U.S.C. § 2255, contending

---

[*]     Oral argument would not materially aid our consideration of the appeal. Thus, we have decided the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

that armed bank robbery is not a crime of violence. The district court did not decide this issue. Instead, the court denied relief based on Mr. Rinker's delay in filing his motion.[1]

Mr. Rinker wants to appeal. To do so, however, he needs a certificate of appealability.[2] We grant the certificate of appealability, but we affirm the denial of relief on the merits because armed bank robbery constitutes a crime of violence under 18 U.S.C. § 924(c)'s elements clause.

We start with the standard for a certificate of appealability. We must issue a certificate if the underlying claim's timeliness and sufficiency are reasonably debatable.[3] We conclude that they are. Thus, we grant a certificate of appealability on

- whether the claim is timely and

- whether armed bank robbery constitutes a crime of violence under 18 U.S.C. § 924(c).

But we also affirm.

In district court, the government argued that the motion was untimely and that armed bank robbery constitutes a crime of violence. The district court ruled only on timeliness. But we can assume for the sake of argument

---

[1]   *See* 28 U.S.C. § 2255(f)(1) (providing a one-year period of limitations).

[2]   28 U.S.C. § 2253(c)(1)(B).

[3]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

that the § 2255 motion was timely; this assumption would require us to consider whether armed bank robbery constitutes a crime of violence.

A crime of violence can be committed through § 924(c)'s residual clause or elements clause.[4] The residual clause is unconstitutionally vague,[5] but Mr. Rinker has not questioned the constitutionality of the elements clause.

Applying the elements clause, we use the categorical approach.[6] Under the categorical approach, an offense constitutes a crime of violence if an element of the offense consists of the use, attempted use, or threatened use of physical force against someone's person or property.[7] The physical force must consist of violent force, which is force capable of causing physical pain or injury to another person.[8]

Mr. Rinker contended in district court that his underlying crime, armed bank robbery, did not satisfy the elements clause for four reasons:

1.    The statute criminalizes intimidation;

2.    conviction on a charge of armed bank robbery does not require the use, attempted use, or threatened use of physical force;

---

[4]    18 U.S.C. § 924(c)(3).

[5]    *United States v. Salas*, 889 F.3d 681, 684–86 (10th Cir. 2018).

[6]    *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–61 (10th Cir. 2018).

[7]    18 U.S.C. § 924(c)(3)(A).

[8]    *Melgar-Cabrera*, 892 F.3d at 1063–64.

3

3.     the crime can be completed through an attempt preceding the use, attempted use, or threatened use of physical force; and

4.     bank robbery can be committed by entering a bank to commit larceny, which does not require the use of physical force.

We rejected the first two contentions in *United States v. McCranie*.[9] There the issue was whether a conviction for bank robbery constituted a crime of violence under the sentencing guideline governing enhancement as a career offender (U.S. Sentencing Guidelines Manual § 4B1.1(a)).[10] Applying the guideline, we held that bank robbery constituted a crime of violence, reasoning that

- intimidation categorically involves a threatened use of physical force against another person[11] and

- bank robbery is committed only if the defendant uses, attempts to use, or threatens to use physical force.[12]

---

[9]     889 F.3d 677 (10th Cir. 2018).

[10]     *McCranie*, 889 F.3d at 678.

[11]     *Id*. at 680–81.

[12]     *Id*. at 679.

The elements clauses are identical in the guidelines and 18 U.S.C. § 924(c).[13] Thus, under *McCranie*, we reject Mr. Rinker's first two contentions.[14]

Mr. Rinker's third contention stems from the possibility that Mr. Rinker's conviction for bank robbery had been based only on an attempt to commit the robbery.[15] In light of this possibility, Mr. Rinker argues that he could have been convicted of attempted armed bank robbery without using, attempting, or threatening physical force. We disagree.

---

[13]    *Compare* 18 U.S.C. § 924(c)(3)(A) (defining a "crime of violence" under § 924(c)) *with* U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (defining a "crime of violence" under the guidelines).

[14]    *McCranie* also forecloses Mr. Rinker's argument that *armed* bank robbery does not require physical force. Armed bank robbery requires proof of the same elements as bank robbery. *Compare* 18 U.S.C. § 2113(a) *with* 18 U.S.C. § 2113(d). Thus, if bank robbery requires the use, attempted use, or threatened use of physical force, the same would be true of armed bank robbery. *See United States v. Higley*, 726 F. App'x 715, 717 (10th Cir. 2018) (unpublished) (pre-*McCranie* opinion holding that armed bank robbery constitutes a crime of violence under § 924(c)); *see also United States v. Wade*, 719 F. App'x 822, 825–27 (10th Cir. 2017) (unpublished) (same); *United States v. Smith*, 730 F. App'x 710, 711 (10th Cir. 2018) (unpublished) (applying *McCranie* to hold that armed bank robbery constitutes a crime of violence under § 924(c) because its elements clause is identical to the guidelines' elements clause).

[15]    *See* 18 U.S.C. § 2113(d) (establishing a crime of "attempting to commit" bank robbery).

5

Mr. Rinker's argument fails under the statutory elements of "armed bank robbery" and "crime of violence." Armed bank robbery criminalizes attempts,[16] which exist only when defendants

- intend to commit acts that would satisfy all of the elements of armed bank robbery and

- take a substantial step toward committing the crime.[17]

And we have previously held that armed bank robbery requires as an element the use, attempted use, or threatened use of physical force.[18] So even if Mr. Rinker had been convicted of attempted armed bank robbery, he would necessarily have attempted to use physical force,[19] triggering § 924(c)'s elements clause.[20]

---

[16] *Id.*

[17] *See Braxton v. United States*, 500 U.S. 344, 349 (1991).

[18] *See* pp. 4–5, above.

[19] *See United States v. St. Hubert*, 883 F.3d 1319, 1334 (11th Cir. 2018); *see also Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) (concluding that when a substantive offense is a violent felony, an attempt to commit that offense is also a violent felony because conviction for an attempt requires satisfaction of all elements and § 924 punishes both the use and attempted use of force); *United States v. Dean*, 724 F. App'x 681, 681 (10th Cir. 2018) (unpublished) (stating that when a substantive offense constitutes a violent felony, an attempt to commit that offense is also a violent felony).

[20] *See United States v. Armour*, 840 F.3d 904, 907–09 (7th Cir. 2016) (holding that "the federal crime of attempted armed bank robbery qualifies as a crime of violence under the 'elements' clause of the definition").

Finally, Mr. Rinker points out that bank robbery can be committed by entering a bank with the intent to commit larceny; thus, according to Mr. Rinker, the offense can be completed without using any physical force. But the bank-robbery statute is divisible,[21] containing multiple offenses, including (1) either intimidation or the use of force and violence and (2) entry into a bank with the intent to commit larceny or a felony.

Because the bank-robbery statute is divisible, we use the modified categorical approach to identify the offense underlying Mr. Rinker's conviction.[22] Under this approach, we consider the indictment and plea documents, which showed that Mr. Rinker had pleaded guilty to armed bank robbery "by force and violence, and by intimidation." Appellant's App'x at 7. He was not convicted based on an intent to commit larceny; as a result, this argument fails.

* * *

We grant a certificate of appealability on timeliness and the merits, but we affirm the denial of relief. Mr. Rinker's offense of conviction,

---

[21] *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (stating that § 2113(a) is divisible); *see also United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (dictum) (stating that § 2113(a) "seems to contain a divisible set of elements"); *see also United States v. McGuire*, 678 F. App'x 643, 645 (10th Cir. 2017) (unpublished) (stating that § 2113(a) is divisible).

[22] *Descamps v. United States*, 570 U.S. 254, 265 (2013).

armed bank robbery, constitutes a crime of violence under 18 U.S.C. § 924(c). Thus, his § 2255 claim fails on the merits.

Entered for the Court

Robert E. Bacharach
Circuit Judge