**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CLIFFORD RAYMOND SALAS,

     Defendant - Appellant.

No. 16-2170

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:12-CR-03183-RB-3)**
_____

Howard Pincus, Assistant Federal Public Defender (and Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Aaron Jordan, Assistant United States Attorney (and James D. Tierney, Acting United States Attorney, with him on the brief), Las Cruces, New Mexico, for Plaintiff-Appellee.
_____

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**KELLY**, Circuit Judge.
_____

Defendant-Appellant Clifford Raymond Salas was found guilty of various arson-related offenses, and he now appeals from his conviction and sentence under 18 U.S.C. § 924(c)(1) for using a destructive device in furtherance of a crime of violence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and

we remand to the district court with instructions to vacate Mr. Salas's § 924(c)(1) conviction and resentence him because § 924(c)(3)(B), the provision defining a "crime of violence" for the purposes of his conviction, is unconstitutionally vague.

**Background**

After using a Molotov cocktail to firebomb a tattoo parlor, Mr. Salas was convicted under 18 U.S.C. § 844(n) for conspiracy to commit arson (count 1), 18 U.S.C. §§ 2 and 844(i) for aiding and abetting the commission of arson (count 2), and 18 U.S.C. § 842(i) for being a felon in possession of an explosive (count 4). 1 R. 5–7, 82–83. He was also convicted under 18 U.S.C. § 924(c)(1) for using a destructive device in furtherance of a crime of violence (count 3) — the "destructive device" being a Molotov cocktail,[1] and the "crime of violence" being arson. Id. For his offenses, Mr. Salas was sentenced to a total of 35 years' imprisonment: 5 years for counts 1, 2, and 4 and, pursuant to § 924(c)(1)(B)(ii)'s mandatory minimum sentence, 30 years for count 3. Id. at 84; 5 R. 13–14. He was also sentenced to 3 years' supervised release. 1 R. 85.

Section 924(c)(3) defines the term "crime of violence" as either a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be

---

[1] A Molotov cocktail qualifies as a "destructive device" for the purposes of § 924(c)(1)(B)(ii) and as an "explosive" for the purposes of § 844(i). E.g., United States v. Gillespie, 452 F.3d 1183, 1185 (10th Cir. 2006).

used in the course of committing the offense."  Both parties agree that the first definition, known as the "elements clause," does not apply here because § 844(i) arson does not require, as an element, the use of force against the property "of another"; for example, § 844(i) may apply to a person who destroys his or her own property.  See 18 U.S.C. § 844(i) (2012) (prohibiting damaging or destroying "any building, vehicle, or other real or personal property" used or affecting interstate or foreign commerce (emphasis added)); see also Torres v. Lynch, 136 S. Ct. 1619, 1629–30 (2016) (noting that a similar "crime of violence" provision would not apply to definitions of arson that include the destruction of one's own property).  Consequently, Mr. Salas could have been convicted only under the second definition, known as § 924(c)(3)'s "residual clause."

At trial, Mr. Salas did not argue that § 844(i) arson does not satisfy § 924(c)(3)'s crime-of-violence definition, and he did not object when the district court determined that arson is a crime of violence and instructed the jury to that effect.  On appeal, Mr. Salas argues that § 924(c)(3)'s residual clause is unconstitutionally vague.

**Discussion**

Because Mr. Salas raises this issue for the first time on appeal, we review for plain error.  See United States v. Avery, 295 F.3d 1158, 1181–82 (10th Cir. 2002).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public

3

reputation of judicial proceedings." United States v. Price, 265 F.3d 1097, 1107 (10th Cir. 2001). "However, we apply this rule less rigidly when reviewing a potential constitutional error." United States v. James, 257 F.3d 1173, 1182 (10th Cir. 2001); accord United States v. Benford, 875 F.3d 1007, 1016 (10th Cir. 2017). The government concedes that if Mr. Salas can prove the first two elements, the third and fourth would be satisfied, too. Aplee. Br. at 12 n.11. The issues, then, are whether there was error — that is, whether § 924(c)(3)(B) is unconstitutionally vague — and, if so, whether that error was plain.

A.     Section 924(c)(3)(B) Is Unconstitutionally Vague

In Sessions v. Dimaya, No. 15-1498, 2018 WL 1800371 (U.S. Apr. 17, 2018), the Supreme Court held that 18 U.S.C. § 16(b)'s definition of a "crime of violence" is unconstitutionally vague in light of its reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the similarly worded residual definition of a "violent felony" in the Armed Career Criminal Act (ACCA). 2018 WL 1800371, at *4; see also Golicov v. Lynch, 837 F.3d 1065, 1072 (10th Cir. 2016) (ruling that § 16(b) "must be deemed unconstitutionally vague in light of Johnson"). The Dimaya Court explained that the same two features rendered the clauses unconstitutionally vague: they "'require[] a court to picture the kind of conduct that the crime involves in "the ordinary case," and to judge whether that abstraction presents' some not-well-specified-yet-sufficiently-large degree of risk." Dimaya, 2018 WL 1800371, at *9 (quoting Johnson, 135 S. Ct. at 2557). The Court also rejected several reasons for distinguishing § 16(b) from the ACCA, namely that

4

§ 16(b) requires a risk that force be used in the course of committing the offense, focuses on the use of physical force rather than physical injury, does not contain a confusing list of enumerated crimes, and does not share the ACCA's history of interpretive failures. Id. at *12–16.

Mr. Salas argues that § 924(c)(3)(B)'s definition of a "crime of violence," which is identical to § 16(b)'s,[2] is likewise unconstitutionally vague. Indeed, we have previously noted the similarity between the two provisions and consequently held that "cases interpreting [§ 16(b)] inform our analysis" when interpreting § 924(c)(3)(B). United States v. Serafin, 562 F.3d 1105, 1108 & n.4 (10th Cir. 2009). Other circuits interpret § 16(b) and § 924(c)(3)(B) similarly, as well. See In re Hubbard, 825 F.3d 225, 230 n.3 (4th Cir. 2016) ("[T]he language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of the other."). In fact, the Seventh Circuit has faced the same scenario that we face now: it ruled that § 16(b) was unconstitutionally vague in United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015), and then addressed the constitutionality of § 924(c)(3)(B) in United States v. Cardena, 842

---

[2] For the sake of comparison, § 16 provides:

> The term "crime of violence" means . . . (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

And § 924(c)(3) provides:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and . . . (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

5

F.3d 959 (7th Cir. 2016). In Cardena, the Seventh Circuit ruled that § 924(c)(3)'s residual clause was "the same residual clause contained in [§ 16(b)]" and accordingly held that "§ 924(c)(3)(B) is also unconstitutionally vague." Cardena, 842 F.3d at 996.

In support of § 924(c)(3)(B)'s constitutionality, the government "submits that § 924(c)(3)(B) is distinguishable from the ACCA's residual clause for the same reasons it argued that § 16(b) was distinguishable." Aplee. Br. at 7. That is, § 924(c)(3)(B) requires the risk that force be used in the course of committing the offense, which the ACCA does not; § 924(c)(3)(B) focuses on the use of physical force rather than physical injury; § 924(c)(3)(B) does not contain the confusing list of enumerated crimes that the ACCA does; and, unlike the ACCA, § 924(c)(3)(B) does not have a history of interpretive failures. Dimaya, however, explicitly rejected all of these arguments. 2018 WL 1800371, at *12–16.

The only way the government distinguishes § 924(c)(3)(B) from § 16(b) is by noting that, pursuant to § 924(c)(1)(A), the former requires a sufficient nexus to a firearm, which narrows the class of offenses that could qualify as crimes of violence. See Ovalles v. United States, 861 F.3d 1257, 1265–66 (11th Cir. 2017) ("The required 'nexus' between the § 924(c) firearm offense and the predicate crime of violence makes the crime of violence determination more precise and more predictable."). But this firearm requirement simply means that the statute will apply in fewer instances, not that it is any less vague. The required nexus does not change the fact that § 924(c)(3)(B) possesses the same two features that rendered the

6

ACCA's residual clause and § 16(b) unconstitutionally vague: "an ordinary-case requirement and an ill-defined risk threshold," Dimaya, 2018 WL 1800371, at *16. Requiring a sufficient nexus to a firearm does not remedy those two flaws.

Other circuits have upheld § 924(c)(3)(B)'s constitutionality, but they were not faced, as we are here, with binding authority holding § 16(b) unconstitutional. See United States v. Garcia, 857 F.3d 708, 711 (5th Cir. 2017); United States v. Eshetu, 863 F.3d 946, 955 (D.C. Cir. 2017); Ovalles, 861 F.3d at 1265 (11th Cir.); United States v. Prickett, 839 F.3d 697, 699 (8th Cir. 2016); United States v. Hill, 832 F.3d 135, 150 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016). For the most part, the grounds for their decisions apply equally to § 16(b) and mirror the distinctions between the ACCA's residual clause and § 16(b) that were rejected in Dimaya.

Notably, only the Sixth Circuit has held that § 924(c)(3)(B) is constitutional while § 16(b) is not. See Shuti v. Lynch, 828 F.3d 440, 446 (6th Cir. 2016) (ruling that § 16(b) is unconstitutionally vague); Taylor, 814 F.3d at 375–76 (rejecting a void-for-vagueness challenge to § 924(c)(3)(B)). The Sixth Circuit stated that the provisions differed because, in contrast to § 16(b), "§ 924(c) is a criminal offense and 'creation of risk is an element of the crime,'" which "requires an ultimate determination of guilt beyond a reasonable doubt — by a jury, in the same proceeding." Shuti, 828 F.3d at 449 (quoting Johnson, 135 S. Ct. at 2557). It further noted that courts evaluate this risk based on the defendant's actual conduct. Id.

This is a distinction without a difference, though, and is incorrect to the extent it suggests that whether an offense is a crime of violence depends on the defendant's specific conduct. As an initial matter, a law can be unconstitutionally vague even if it is a criminal offense that requires a determination of guilt beyond a reasonable doubt. E.g., Papachristou v. City of Jacksonville, 405 U.S. 156, 171 (1972) (invalidating a vagrancy ordinance). Additionally, "[w]hether a crime fits the § 924(c) definition of a 'crime of violence' is a question of law," United States v. Morgan, 748 F.3d 1024, 1034 (10th Cir. 2014), and we employ the categorical approach to § 924(c)(3)(B), meaning we determine whether an offense is a crime of violence "without inquiring into the specific conduct of this particular offender," Serafin, 562 F.3d at 1107–08 (quoting United States v. West, 550 F.3d 952, 957 (10th Cir. 2008)). Consequently, § 924(c)(3)(B), like § 16(b), "requires a court to ask whether 'the ordinary case' of an offense poses the requisite risk." Dimaya, 2018 WL 1800371, at *5 (quoting James v. United States, 550 U.S. 192, 208 (2007), overruled on other grounds by Johnson, 135 S. Ct. 2551). Regardless of whether a jury must find the defendant guilty of § 924(c) beyond a reasonable doubt, then, this "ordinary-case requirement and an ill-defined risk threshold" combines "in the same constitutionally problematic way" as § 16(b) and "necessarily 'devolv[es] into guesswork and intuition,' invit[es] arbitrary enforcement, and fail[s] to provide fair notice." Id. at *7, *16 (quoting Johnson, 135 S. Ct. at 2559).

Ultimately, § 924(c)(3)(B) possesses the same features as the ACCA's residual clause and § 16(b) that combine to produce "more unpredictability and arbitrariness

8

than the Due Process Clause tolerates," Id. at *16 (quoting Johnson, 135 S. Ct. at 2558), and Dimaya's reasoning for invalidating § 16(b) applies equally to § 924(c)(3)(B). Section 924(c)(3)(B) is likewise unconstitutionally vague.

B.     Mr. Salas's Conviction Constitutes Plain Error

Even though Mr. Salas's conviction and sentence under 18 U.S.C. § 924(c)(1) was erroneous because § 924(c)(3)(B) is unconstitutionally vague, we can grant him relief only if the error was "plain" because Mr. Salas did not raise that argument at the district court level. See United States v. Ruiz-Gea, 340 F.3d 1181, 1187 (10th Cir. 2003). An error is plain if it is "clear or obvious at the time of the appeal." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005); see also Henderson v. United States, 568 U.S. 266, 276 (2013) ("[A]n appellate court must apply the law in effect at the time it renders its decision." (quoting Thorpe v. Hous. Auth., 393 U.S. 268, 281 (1969))). In turn, "[a]n error is clear and obvious when it is contrary to well-settled law." United States v. Whitney, 229 F.3d 1296, 1309 (10th Cir. 2000). "In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue. The absence of such precedent will not, however, prevent a finding of plain error if the district court's interpretation was 'clearly erroneous.'" Ruiz-Gea, 340 F.3d at 1187 (citation omitted). In the absence of Supreme Court or circuit precedent directly addressing a particular issue, "a circuit split on that issue weighs against a finding of plain error." United States v. Wolfname, 835 F.3d 1214, 1221 (10th Cir. 2016). But disagreement

9

among the circuits will not prevent a finding of plain error if the law is well settled in the Tenth Circuit itself.  See id. at 1221–22.

We have found plain error where a holding was "implicit" in a previous case but have declined to find plain error where a previous case addressed the relevant issue merely in dicta.  Compare id. at 1218, with Whitney, 229 F.3d at 1309.  Here, although neither the Supreme Court nor this circuit has explicitly addressed the constitutionality of § 924(c)(3)(B), both have directly ruled on the constitutionality of identical language in § 16(b).  See Dimaya, 2018 WL 1800371, at *4; Golicov, 837 F.3d at 1072.  The identical wording of § 16(b) and § 924(c)(3)(B) means that the provisions contain the same two features of the ACCA's residual clause that "conspire[d] to make it unconstitutionally vague."  Dimaya, 2018 WL 1800371, at *16 (alteration in original) (quoting Johnson, 135 S. Ct. at 2557).  Accordingly, Dimaya compels the conclusion that § 924(c)(3)(B) is unconstitutional, too.

There is ostensibly a circuit split on the issue of § 924(c)(3)(B)'s constitutionality, which ordinarily weighs against a finding of plain error.  See Wolfname, 835 F.3d at 1221.  But Dimaya has since abrogated the reasoning of those cases.  Moreover, we do not view a circuit split as persuasive evidence that an error was not plain if the other circuits were "writing on a clean slate," while we have relevant precedent to consider.  Id. at 1221 n.3.

The government makes two additional points for why error, if found, would not be plain.  The first is that this circuit has repeatedly upheld § 924(c) convictions that were based on § 844(i) predicates.  All of those cases, though, were pre-Dimaya

10

(and pre-<u>Johnson</u>, for that matter), and none of them addressed a void-for-vagueness challenge. The second additional point is that the Eleventh Circuit found no plain error regarding a challenge to § 924(c)(3)(B)'s constitutionality in <u>United States v. Langston</u>, 662 F. App'x 787, 794 (11th Cir. 2016), <u>cert. denied</u>, 137 S. Ct. 1583 (2017). When that case was decided, however, neither the Supreme Court nor the Eleventh Circuit had ruled that § 16(b) was unconstitutionally vague, which distinguishes <u>Langston</u> from the current appeal.

In sum, the reasons why § 16(b) is unconstitutionally vague apply equally to § 924(c)(3)(B). Because they are identically worded, we interpret § 16(b) and § 924(c)(3)(B) similarly and apply caselaw interpreting the former to the latter. <u>Serafin</u>, 562 F.3d at 1108 & n.4. Additionally, we apply the plain error rule "less rigidly when reviewing a potential constitutional error." <u>James</u>, 257 F.3d at 1182. As a result, Mr. Salas's conviction under § 924(c)(1) was clearly erroneous under Supreme Court and Tenth Circuit precedent and constitutes plain error.

REMANDED for resentencing, with instructions to the district court to vacate count 3 of Mr. Salas's conviction.

11