FILED
United States Court of Appeals
Tenth Circuit

May 25, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSIE ANDREW HOPPER, SR.,

    Defendant - Appellant.

No. 15-2190
(D.C. No. 2:14-CR-02130-KG-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH,** Chief Judge, **SEYMOUR,** and **KELLY**, Circuit Judges.
_____

On May 7, 2014, Mr. Hopper, his son Jessie Jr., and his sister Polly Hopper

kidnapped Jessie Jr's ex-wife, Melissa Hopper, at gunpoint and transported her to their

residence.  All three were eventually arrested by the New Mexico State Police.  Mr.

Hopper was ultimately charged with (1) conspiring with Polly and Jessie Jr. to kidnap

Melissa in violation of 18 U.S.C. § 1201(c); (2) kidnapping in violation of 18 U.S.C.

§ 1201(a)(1); (3) using, carrying, or brandishing a firearm during and in relation to a

crime of violence, namely kidnapping, in violation of 18 U.S.C. § 924(c); (4) being a

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1

felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and

(5) possessing an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5861(d), 5871, and 5845(a). After a five day trial, Mr. Hopper was convicted on all five counts.

Mr. Hopper now appeals his conviction and sentence. He contends that 18 U.S.C. § 1201(a), the federal kidnapping law, does not qualify as a crime of violence under § 924(c)(3). Section 924(c) sets forth a discrete crime for using, carrying or possessing a deadly weapon in connection with "any crime of violence." 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3)(A)-(B). Subsection A is often referred to as the elements clause, while subsection B is referred to as the residual clause.

In turn, § 1201(a) provides that "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . shall be punished by imprisonment for any term of years or for life . . . ." The parties concede and we agree that kidnapping under § 1201(a), Mr. Hopper's predicate crime of violence, does not fit within the elements clause because it can be committed by "inveigling," which does not involve force. *See* Tenth Circuit Criminal Pattern Jury Instructions § 2.55 ("To 'inveigle' a person means to lure, or entice, or lead the person astray by false representations or promises, or other deceitful means."). Thus,

2

our only question on appeal is whether § 1201(a) qualifies as a crime of violence under the residual clause of § 924(c)(3)(B).

Mr. Hopper does not argue that § 1201(a) kidnapping fails to qualify as a crime of violence under the text of § 924(c)(3)(B) because one of our prior cases forecloses that argument. *See United States v. Morgan*, 748 F.3d 1024, 1035 (10th Cir. 2014) (holding that kidnapping pursuant to § 1201(a) is a crime of violence). Rather, Mr. Hopper contends that the residual clause in § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because he did not make this argument below, our review is for plain error. *United States v. Malone*, 222 F.3d 1286, 1292 (10th Cir. 2000). Plain error occurs when there is "(1) an error; (2) that is plain or obvious; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Avery*, 295 F.3d 1158, 1182 (10th Cir. 2002) (quoting *United States v. James*, 257 F.3d 1173, 1182 (10th Cir. 2001)).

Mr. Hopper's contention that § 924(c)(3)(B) is unconstitutionally vague is easily resolved by our recent decision in *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). *Salas* also involved the constitutionality of § 924(c)(3)(B) and we held there that a recent Supreme Court case, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), was dispositive. In *Dimaya*, 138 S. Ct. at 1223, the Court held that 18 U.S.C. § 16(b) is unconstitutionally vague in light of *Johnson*. Because § 924(c)(3)(B) and § 16(b) have identical statutory text, we held in *Salas* that § 924(c)(3)(B) is also unconstitutionally vague. Thus, *Salas* resolves our present case.

Accordingly, we remand this matter to the district court with instructions to vacate count 3 of Mr. Hopper's conviction and to resentence him.

Entered for the Court


Stephanie K. Seymour
Circuit Judge