**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHANNON D. CONCHO,

    Defendant - Appellant.

No. 18-2015
(D.C. Nos. 1:16-CV-00648-MV-GBW and
1:12-CR-02229-MV-1)
(D.N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Shannon Concho seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2255 petition. We deny a COA and dismiss

the appeal.

**I**

Concho pled guilty to one count of using, carrying, possessing, and

brandishing a firearm during, in relation to, and in furtherance of a "crime of

violence" in violation of 18 U.S.C. § 924(c). The underlying offense was assault

with a dangerous weapon with intent to do bodily harm under 18 U.S.C. § 113(a)(3).

In a Rule 11(c)(1)(C) plea agreement, the parties agreed to an 84-month sentence,

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and Concho waived his rights to directly appeal or collaterally attack his sentence except on the grounds of ineffective assistance of counsel. At sentencing, the district court imposed the agreed-upon sentence and two years' supervised release.

On June 23, 2016, Concho filed a § 2255 motion arguing that the residual clause of § 924(c)(3)(B) is no longer valid in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015). He therefore claims that his underlying offense—assault with a dangerous weapon—no longer qualifies as a crime of violence. The district court rejected his motion and denied a COA. Concho timely appealed.

## II

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires Concho to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Concho is correct that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. See United States v. Salas, 889 F.3d 681, 684 (10th Cir. 2018). But Concho's conviction for assault with a dangerous weapon nevertheless qualifies as a crime of violence under § 924(c)'s elements clause, which remains good law. That provision defines as a crime of violence any felony offense that "has

2

as an element the use, attempted use, or threatened use of physical force against another."  § 924(c)(3)(A).

"To determine whether a prior conviction qualifies as a crime of violence, we apply the categorical approach if the criminal statute under which the defendant was charged contains only one set of elements."  United States v. Ontiveros, 875 F.3d 533, 535 (10th Cir. 2017).  As we have noted, "[t]he elements differentiating assault with a dangerous weapon from simple assault are the use of a deadly weapon and the intent to commit bodily harm."  United States v. Bruce, 458 F.3d 1157, 1164 n.4 (10th Cir. 2006) (quotation omitted).  And as the Supreme Court has explained, "physical force is simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force."  United States v. Castleman, 134 S. Ct. 1405, 1414 (2014) (quotations omitted).  We therefore reject Concho's argument that assault with a dangerous weapon cannot qualify as a crime of violence under the elements clause because it can be committed without direct physical contact.  See Brundage v. United States, 365 F.2d 616, 619 (10th Cir. 1966) (noting that assault with a dangerous weapon must be "committed knowingly, that is with knowledge as to what the defendant was doing and with the desire or wish to bring about a serious bodily injury to the person of another"); see also Ontiveros, 875 F.3d at 538 (rejecting a similar argument in light of Castleman).

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge