**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYBURN SCOTT HARMON,

    Defendant - Appellant.

No. 18-8003
(D.C. Nos. 2:16-CV-00150-ABJ and
2:11-CR-00113-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Federal prisoner Rayburn Harmon seeks a certificate of appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2255 motion. For the reasons discussed below, we deny his request for a COA and dismiss this matter.

In 2012, Harmon pleaded guilty to brandishing a firearm during a crime of violence—specifically, during a Hobbs Act robbery, *see* 18 U.S.C. § 1951—in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him to the mandatory minimum of seven years in prison. *See* § 924(c)(1)(A)(ii). Harmon didn't appeal.

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

But in June 2016, Harmon filed a § 2255 motion seeking to vacate his conviction based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Harmon argued that after *Johnson*, Hobbs Act robbery no longer qualifies as the required "crime of violence" underlying his § 924(c) conviction. The district court concluded that Harmon's motion was timely and wasn't procedurally barred. But it rejected his argument on the merits, denied his motion, and refused to grant him a COA.

Harmon now seeks to appeal, but he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). To do so, Harmon "must demonstrate that reasonable jurists would find the district court's assessment" of his *Johnson* claim "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But in this case, he "concedes that [we are] bound by precedent to deny his application for a [COA]." Aplt. Br. 5–6. In so doing, he acknowledges that our decisions in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), and *United States v. Harris*, 844 F.3d 1260 (10th Cir. 2017), foreclose the relief he seeks.

Briefly explained, Harmon's motion only succeeds if two things are true: (1) the residual clause in § 924(c)(3) is unconstitutionally vague after *Johnson*, and (2) Hobbs Act robbery doesn't qualify as a predicate offense under the elements clause of § 924(c)(3). And although the former is true, *see United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (holding that § 924(c)(3)'s residual clause is unconstitutionally vague), the latter is not. Indeed, we've previously rejected both

2

arguments that Harmon advanced below for why Hobbs Act robbery doesn't meet § 924(c)(3)'s elements clause. *See Ontiveros*, 875 F.3d at 536 (rejecting defendant's argument that indirect application of force doesn't satisfy elements clause because that argument relies on cases that are no longer good law); *Harris*, 844 F.3d at 1267–68 (rejecting defendant's argument that robbery doesn't satisfy ACCA's elements clause because it requires only minimal level of force). Harmon contends that these cases were wrongly decided but concedes that we are bound to follow them.

In summary, then, Harmon appeals only "to preserve the issue for review at a later time." Aplt. Br. 6. And because he thus advances no grounds for us to conclude that reasonable jurists would debate the district court's ruling, we deny his COA request and dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge