**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK A. DUBARRY,

    Defendant - Appellant.

No. 16-4067
(D.C. Nos. 2:16-CV-00260-DAK &
2:09-CR-00680-DAK-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Mark A. Dubarry seeks a certificate of appealability (COA) to appeal the district

court's denial of his motion under 28 U.S.C. § 2255.  He claims that his conviction under

18 U.S.C. § 924(c)(1)(A)—for which the predicate crime of violence was Hobbs Act

robbery—is unconstitutional in light of the Supreme Court's decision in *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015).  We deny a COA and dismiss the appeal.

**I.**    **BACKGROUND**

In 2009 Mr. Dubarry pleaded guilty in the United States District Court for the

District of Utah to one count of Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and one

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

count of using or carrying a firearm during that robbery, *see* 18 U.S.C. § 924(c)(1)(A).

He received a 180-month sentence—96 months for the robbery conviction and a

consecutive 84 months for the § 924(c)(1)(A) conviction. As relevant here,

§ 924(c)(1)(A) provides:

> [A]ny person who, *during and in relation to any crime of violence* . . . for
> which the person may be prosecuted in a court of the United States, uses or
> carries a firearm, or who, in furtherance of any such crime, possesses a
> firearm, shall, in addition to the punishment provided for such crime of
> violence . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of
> not less than 7 years[.]

§ 924(c)(1)(A)(emphasis added). The term *crime of violence* for purposes of this

provision means an offense that is a felony and "(A) has as an element the use, attempted

use, or threatened use of physical force against the person or property of another, or (B)

that by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense." § 924(c)(3).

The crime of violence underlying Mr. Dubarry's § 924(c)(1)(A) conviction was the

Hobbs Act robbery. (He does not dispute that the firearm was brandished.)

In *Johnson v. United States*, 135 S. Ct. 2551, 2257, 2563 (2015), the Supreme

Court struck down the so-called "residual clause" in the Armed Career Criminal Act

(ACCA) as unconstitutionally vague. That clause defines *violent felony* as a crime that

"involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B)(ii) (internal quotation marks omitted).

Within one year of *Johnson*, Mr. Dubarry filed a pro se § 2255 motion to vacate

his sentence. He argued that his conviction under § 924(c)(1)(A) should be vacated

2

because the definition of *crime of violence* in § 924(c)(3)(B)'s residual clause was unconstitutional under *Johnson*. The district court denied the motion, holding that it was barred by the one-year statute of limitations in 28 U.S.C. § 2255(f), and that *Johnson* did not restart the one-year period because the Supreme Court had not made *Johnson* retroactively applicable to cases on collateral review.[1] Alternatively, the district court denied relief on the merits, concluding that *Johnson*'s reasoning regarding the ACCA's residual clause was inapplicable to the residual clause of § 924(c)(3)(B). The court also denied a COA. Now with the assistance of appointed counsel, Mr. Dubarry seeks a COA from this court.

## II.     DISCUSSION

To obtain a COA, Mr. Dubarry need only make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, he must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his COA application and opening brief, Mr. Dubarry argues that his § 924(c) conviction should be vacated because § 924(c)(3)(B)'s residual clause is unconstitutionally vague, and because Hobbs Act robbery is not categorically a crime of

---

[1] A few days after the district court denied Mr. Dubarry's § 2255 motion, the Supreme Court made *Johnson* retroactively applicable to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

3

violence under § 924(c)(3)(A)'s elements clause. We have recently addressed both of these issues in published decisions. In *United States v. Salas*, 889 F.3d 681, 684–86 (10th Cir. 2018), we held that § 924(c)(3)(B)'s definition of *crime of violence* is unconstitutional under *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215–16 (2018), in which the Supreme Court extended *Johnson*'s reasoning to hold that this same definition in 18 U.S.C. § 16(b) was unconstitutionally vague. But in *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), we held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force, *id.* at 1064, and the force element in Hobbs Act robbery "can only be satisfied by violent force," *id.* at 1064–65. As a result, a reasonable jurist could not debate that Mr. Dubarry's Hobbs Act robbery conviction is a crime of violence under the elements clause.

Mr. Dubarry advances one argument not addressed in *Melgar-Cabrera* or elsewhere by this court: that Hobbs Act robbery does not satisfy § 924(c)(3)(A) "because it can be accomplished by threatening injury to intangible property, which does not require the use of any force at all." Aplt. Opening Br. at 30. But the only cases he cites in support concern Hobbs Act *extortion*, not Hobbs Act robbery. *See United States v. Arena*, 180 F.3d 380, 385, 392 (2d Cir. 1999), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 403 n.8 (2003); *United States v, Local 560 of the Int'l Bhd. of Teamsters*, 780 F.2d 267, 281–82 (3d Cir. 1985); and *United States v. Iozzi*, 420 F.2d 512, 515 (4th Cir. 1970). And "[t]he Hobbs Act . . . is a divisible statute setting out two separate crimes—Hobbs Act robbery and Hobbs Act

4

extortion." *United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017).

Mr. Dubarry does not argue that he was convicted of Hobbs Act extortion, and the cases

he cites do not call into question *Melgar-Cabrera*'s holding that Hobbs Act robbery is

categorically a crime of violence. We note that several district courts have rejected

reliance on these same cases in support of the same argument. *See United States v.*

*McCallister*, No. 15–0171 (ABJ), 2016 WL 3072237, at *8–9 (D.D.C. May 31, 2016)

(unpublished); *United States v. Clarke*, 171 F. Supp. 3d 449, 453–54 & nn. 5–6 (D. Md.

2016); *United States v. Hancock*, 168 F. Supp. 3d 817, 822–23 & n.3 (D. Md. 2016).

We deny a COA and dismiss the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge