FILED
United States Court of Appeals
Tenth Circuit

July 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SKYLER LEE PASLEY,

      Defendant - Appellant.

No. 17-6033
(D.C. Nos. 5:16-CV-00553-R &
5:08-CR-00289-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Skyler Lee Pasley seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2255 motion. He claims his conviction under

18 U.S.C. § 924(c) for brandishing a firearm during a crime of violence— a Hobbs Act

robbery— is unconstitutional in light of the Supreme Court's decision in <u>Johnson v.</u>

<u>United States</u>, 135 S. Ct. 2551 (2015). We deny a COA and dismiss the appeal.

**I.**

In 2009 Pasley pled guilty, among other things, to Hobbs Act robbery in violation

of 18 U.S.C. § 1951(a) and brandishing a firearm during this crime in violation of

§ 924(c)(1)(A). Section 924(c)(1)(A) provides as relevant here that

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

any person who, <u>during and in relation to any crime of violence</u> . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . --

**(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

§ 924(c)(1)(A) (emphasis added). A "crime of violence" for purposes of this provision means an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). The crime of violence underlying Pasley's conviction under § 924(c)(1)(A) was the Hobbs Act robbery.

In <u>Johnson</u>, the Supreme Court struck down the residual clause in the Armed Career Criminal Act (ACCA), § 924(e)(2)(B), as unconstitutionally vague. 135 S. Ct. at 2563. That clause defined a "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court later made its ruling in <u>Johnson</u> retroactive to cases on collateral review. <u>See</u> <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).

Pasley filed a § 2255 motion to vacate his sentence within one year of <u>Johnson</u>. In his motion, he argued that his conviction under § 924(c) should be vacated because the definition of "crime of violence" stated in § 924(c)(3)(B) was unconstitutional under <u>Johnson</u> and that his conviction for Hobbs Act robbery did not qualify as a "crime of

2

violence" under § 924(c)(3)(A)'s remaining "elements" clause or "force" clause. The district court denied Pasley's motion, holding it was immaterial whether <u>Johnson</u> invalidated § 924(c)(3)(B) because Pasley's Hobbs Act robbery conviction qualified as a crime of violence under the elements clause in § 924(c)(3)(A).[1] It also denied a COA. Pasley now seeks a COA to allow him to appeal the district court's decision.

## II

To obtain a COA from this court, Pasley must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Buck v. Davis</u>, 137 S. Ct. 759, 773 (2017) (quotation omitted). We decide whether Pasley has made this showing by "a preliminary, though not definitive, consideration" of the merits of the issues on which he seeks a COA. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003).

In his application for a COA, Pasley renews his arguments that his § 924(c) conviction should be vacated because: (1) § 924(c)(3)(B) is unconstitutionally vague;

---

[1] Based on its ruling that Pasley's conviction did not rely on the residual clause in § 924(c)(3)(B), the district court also held that <u>Johnson</u> and <u>Welch</u> did not affect Pasley's conviction and sentence and that Pasley therefore could not rely on § 2255(f)(3) to establish that his § 2255 motion was timely. <u>See</u> 28 U.S.C. § 2255(f)(3) (allowing a § 2255 motion to be brought within one year of the date on which the right asserted was initially recognized by the United States Supreme Court if it was made retroactively applicable to cases on collateral review). In light of our determination that Pasley is not entitled to a COA to appeal the district court's underlying decision that his Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A), we need not address the district court's timeliness ruling.

3

and (2) a Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). We have recently addressed both of these issues.

In United States v. Salas, 889 F.3d 681, 684-86 (10th Cir. 2018), we held that § 924(c)(3)(B)'s definition of a "crime of violence" is unconstitutional under Sessions v. Dimaya, 138 S. Ct. 1204 (2018). In Dimaya, the Supreme Court extended Johnson's reasoning to hold that the identical definition of "crime of violence" in 18 U.S.C. § 16(b) was unconstitutionally vague. 138 S. Ct. at 1213-16. As a result, Pasley is correct that his Hobbs Act robbery conviction does not qualify as a crime of violence under § 924(c) unless it does so under the elements clause in § 924(c)(3)(A). We recently resolved this question in United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018), holding that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A). Id. at 1064-66.

In Melgar-Cabrera, we specifically rejected the contention that committing Hobbs Act robbery does not necessarily involve the "use of physical force" as required by § 924(c)(3)(A) because it can be accomplished without the direct application of force. See id. at 1065-66. We based this conclusion on United States v. Ontiveros, 875 F.3d 533 (10th Cir. 2017), in which we rejected a similar argument and held that the two cases on which Pasley relies, United States v. Perez-Vargas, 414 F.3d 1282 (10th Cir. 2005) and United States v. Rodriguez-Enriquez, 518 F.3d 1191 (10th Cir. 2008), are no longer good law. See Ontiveros, 875 F.3d at 536-38.

Accordingly, in light of Melgar-Cabrera and our earlier decision in Ontiveros, reasonable jurists would not debate that Pasley's Hobbs Act robbery conviction was a

4

crime of violence under § 924(c)(3)(A)'s elements clause. Nor would they debate that his Hobbs Act robbery conviction supported his conviction under § 924(c) for brandishing a gun during a crime of violence and the district court's denial of his § 2255 motion on this basis.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge