FILED
United States Court of Appeals
Tenth Circuit

July 31, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PHOUC H. NGUYEN,

    Defendant - Appellant.

No. 16-3311
(D.C. Nos. 6:16-CV-01231-JTM and
6:94-CR-10129-JTM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Petitioner Phouc H. Nguyen, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 habeas motion. Petitioner argues that his conviction under 18 U.S.C. §924(c)(1)—based on his Hobbs Act robbery as the predicate crime of violence—

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, we affirm the district court's denial of his habeas motion.

In 1996, Petitioner was convicted of (1) interference with commerce by means of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and aiding and abetting the robbery in violation of 18 U.S.C. § 2; and (2) carrying and using a firearm during and in relation to the robbery in violation of 18 U.S.C. §924(c)(1), causing the death of a person through the use of a firearm, which constitutes murder under 18 U.S.C. §§ 924(j)(1) & 1111(a), and aiding and abetting the killing of a person in violation of 18 U.S.C. § 2. Petitioner was sentenced to 240 months of imprisonment on the first count and life imprisonment without the possibility of release on the second count, to be served concurrently. In relevant part, § 924(c)(1)(A) provides that:

> [A]ny person who, *during and in relation to any crime of violence* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm, shall, in addition to the punishment provided for such crime of violence . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

§924(c)(1)(A) (emphasis added). Under this section, a "crime of violence" refers to a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [elements or use of force clause], or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [residual clause]." 18 U.S.C. § 924(c)(3).

2

In his motion, Petitioner argues that his Hobbs Act robbery could only have been considered a crime of violence under § 924(c)(3)'s residual clause, which he contends is unconstitutionally vague under *Johnson*. *Johnson* invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), which contains similar language to § 924(c)(3)(B), defining a "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*'s holding was made retroactive for all cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *see also* 28 U.S.C. § 2255(f)(3).

Petitioner filed a pro se § 2255 motion to vacate his sentence within one year of *Johnson*. The district court denied the motion as untimely, holding that *Johnson* was not applicable to § 924(c)(3). Alternatively, the district court denied relief on the merits, concluding that Petitioner's Hobbs Act robbery was a crime of violence under § 924(c)(3)(A) and declining to reach the constitutionality of § 924(c)(3)(B). The district court granted Petitioner's request for a COA.

In a § 2255 appeal, we "review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015) (quotation marks omitted). The gravamen of Petitioner's argument is that his sentence should be vacated because § 924(c)(3)(B)'s residual clause is unconstitutionally vague under *Johnson*, and because his Hobbs Act robbery can only be a crime of violence under this unconstitutional portion of the statute. This court has recently addressed both arguments. First, in *United States v. Salas*, 889 F.3d 681, 684-86 (10th Cir. 2018), we

3

held that § 924(c)(3)(B)'s [residual clause] definition of "crime of violence" is unconstitutional under *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215-16 (2018). *Dimaya* extended *Johnson's* reasoning to hold that this same definition of "crime of violence" in 18 U.S.C. § 16(b) was unconstitutionally vague. 138 S. Ct. at 1213-16; *see also United States v. Dubarry*, 2018 WL 3342275 (10th Cir., July 9, 2018); *United States v. Pasley*, 2018 WL 3434458 (10th Cir., July 16, 2018). Based on this case law, Petitioner's motion raising a *Johnson* claim was, in fact, timely. *See United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017) ("[I]n order to be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of the record ultimately support the movant's claim."). As Petitioner accurately asserts, his Hobbs Act robbery conviction only qualifies as a crime of violence if it does so under the elements clause in § 924(c)(3)(A).

Having overcome this would-be procedural bar, Petitioner's motion nevertheless fails on the merits of his claim that Hobbs Act robbery is not a crime of violence under the elements clause of § 924(c)(3)(A). Applying the categorical approach, this court recently held that the force element of a Hobbs Act robbery "can only be satisfied by violent force," and, therefore, Hobbs Act robbery *is* categorically a crime of violence under the elements clause of § 924(c)(3)(A). *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-66 (10th Cir. 2018) (relying on *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017)). Moreover, Petitioner has not pointed to, nor have we found, anything in the record suggesting that the sentencing court relied on the residual clause of § 924(c)(3)(B) in imposing his sentence. *See United States v. Washington*, 890 F.3d 891,

4

896 (2018) ("[T]he burden is on the defendant to show by a preponderance of the evidence—*i.e.*, that it is more likely than not—his claim relies on *Johnson*.").

We accordingly see no error in the district court's determination that Petitioner's Hobbs Act robbery conviction was a crime of violence under § 924(c)(3)(A)'s elements clause. We therefore **AFFIRM** the denial of Petitioner's § 2255 motion.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge