**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL ROJAS,

    Defendant - Appellant.

No. 17-2065
(D.C. Nos. 1:16-CV-00675-MCA-KBM
and 1:05-CR-01618-MCA-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Daniel Rojas, a federal prisoner, seeks to challenge the district court's

dismissal of his 28 U.S.C. § 2255 motion. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm the district court.

## BACKGROUND

On June 26, 2005, a federal grand jury indicted Rojas with two counts of

robbery under the Hobbs Act, that is, interfering with commerce by threats or

violence, in violation of 18 U.S.C. § 1951(a); two counts of using and carrying a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Rojas pleaded guilty to one count of Hobbs Act robbery, interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a), and one count of using and carrying a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The government dismissed the remaining counts. The district court sentenced him to twenty-four years of imprisonment.

On June 24, 2016, Rojas filed a 28 U.S.C. § 2255 petition to set aside and correct his sentence. He asked the district court to set aside his 24-year prison term, which the district court had imposed "after finding that he discharged a firearm during an alleged crime of violence, a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii)." R. vol. II at 32. He contended his prison term should be set aside because "Hobbs Act robbery [] qualif[ies] as a crime of violence only by using the definition in [18 U.S.C.] § 924(c)(3)(B)'s residual clause." *Id.* And under *Johnson v. United States*, 135 S. Ct. 2551 (2015), he contended, § 924(c)(3)(B)'s residual clause is unconstitutionally vague.

He also contended that Hobbs Act robbery doesn't qualify as a crime of violence under § 924(c)(3)(A), which requires that the predicate felony have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." It doesn't so qualify, he argued, (1) because Hobbs Act robbery is just common-law robbery that affects interstate commerce, and common-

2

law robbery can be committed without using violent force; (2) because Hobbs Act robbery can be committed by causing fear of injury without a threat of physical force, i.e. by exposing a victim to hazardous chemicals; and (3) because Hobbs Act robbery can be committed by creating fear of economic harm or other harm to intangible property, which would not entail the use or threatened use of violent physical force.

The district court denied Rojas's motion for two reasons. First, it refused to extend *Johnson*'s holding to invalidate § 924(c)(3)(B)'s residual clause. Second, it concluded that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), the elements (or force) clause. The district court granted Rojas a certificate of appealability, determining that he had made a substantial showing of a denial of a constitutional right. Rojas now appeals.

## DISCUSSION

"We review de novo the district court's interpretation of § 924(c) and its legal conclusion that a particular offense constitutes a crime of violence." *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 (10th Cir. 2018) (citing *United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009)). On appeal, Rojas contends: (1) that the district court erred when it found that Rojas pleaded guilty to a crime of violence under § 924(c)(3)(A); (2) that Hobbs Act robbery isn't a crime of violence under § 924(c)(3)(A), the elements clause, because Hobbs Act robbery "can be committed by putting someone in 'fear of injury, immediate or future, to his person or property,'" Appellant's Opening Br. at 12; and (3) that after *Johnson*, Rojas's

3

§ 924(c) conviction violates the Due Process Clause because § 924(c)(3)(B)'s residual clause is unconstitutionally vague.

We need only address Rojas's second argument.[1] In *Melgar-Cabrera*, we held that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), the elements clause. 892 F.3d at 1064–66. Despite this holding, Rojas filed a letter contending that *Melgar-Cabrera* didn't address the fear-of-injury-to-property argument that he advances now. But a panel of this court recently applied *Melgar-Cabrera*'s holding to Rojas's property argument.

In *United States v. Dubarry*, 2018 WL 3342275, at *2 (10th Cir. July 9, 2018), a federal prisoner advanced Rojas's same argument. There, the prisoner contended "that Hobbs Act robbery does not satisfy § 924(c)(3)(A) 'because it can be accomplished by threatening injury to intangible property, which does not require the use of any force at all.'" 2018 WL 3342275, at *2. The *Dubarry* panel explained that *Melgar-Cabrera* "held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force, and the force element in Hobbs Act robbery 'can only be satisfied by violent force.'" *Id.* (quoting *Melgar-Cabrera*, 892 F.3d at 1065). And it explained that Hobbs Act robbery "is a divisible statute setting out two separate crimes—Hobbs Act robbery and Hobbs Act extortion." *Id.* (quoting *United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017)). So, the panel determined, Hobbs Act robbery is

---

[1] In *United States v. Salas*, 889 F.3d 681, 687–88 (10th Cir. 2018), we invalidated § 924(c)(3)(B)'s residual clause as unconstitutionally vague.

categorically a crime of violence notwithstanding the prisoner's property argument. *Id.*

Like *Dubarry*, Rojas doesn't "argue that he was convicted of Hobbs Act extortion, and the cases he cites do not call into question *Melgar-Cabrera*'s holding that Hobbs Act robbery is categorically a crime of violence." *Id.* So we agree with the *Dubarry* and *Melgar-Cabrera* panels that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A).

## CONCLUSION

We affirm the district court.

Entered for the Court


Gregory A. Phillips
Circuit Judge

5