**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

POLLY HOPPER,

    Defendant - Appellant.

No. 19-2110
(D.C. Nos. 2:18-CV-00137-KG-KK and
2:14-CR-02130-KK-3)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Polly Hopper, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of her 28 U.S.C. § 2255

motion to vacate, set aside, or correct her sentence. *See* 28 U.S.C. § 2253(c)(1)(B)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Ms. Hopper is pro se, we construe her filings liberally, but we do not act as her advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

(requiring a COA to appeal an order denying a § 2255 motion).  Exercising jurisdiction under 28 U.S.C. § 1291, we deny her request and dismiss this matter.

## I.  BACKGROUND

A jury convicted Ms. Hopper of kidnapping and conspiracy to commit kidnapping.  The district court sentenced her to 292 months in prison on each count, to be served concurrently.  On appeal, she argued that her trial should have been severed from her co-defendants, the evidence was insufficient to support her convictions, and her sentence was substantively unreasonable.  We rejected these arguments and affirmed.  *United States v. Hopper*, 663 F. App'x 665 (10th Cir. 2016) (unpublished).

In her § 2255 motion, Ms. Hopper claimed that her trial counsel was ineffective for failing to call certain witnesses and for inducing her not to accept a plea offer, and that she was innocent.  In a 30-page Proposed Findings and Recommended Disposition, the magistrate judge analyzed these claims and recommended that they be denied.  The district judge agreed with the recommendation, denied Ms. Hopper's § 2255 motion, and denied a COA.

## II.  DISCUSSION

Ms. Hopper may not appeal the district court's denial of her § 2255 motion without a COA.  28 U.S.C. § 2253(c)(1)(B); *see United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010).  To obtain a COA, she must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and show "that reasonable jurists could debate whether . . . the petition[s] should have been

2

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

In her brief to this court, Ms. Hopper does not argue the ineffective assistance of counsel and innocence claims alleged in her § 2255 motion and rejected by the district court. We therefore need not address them. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (declining to address a claim raised in a § 2255 motion that was not included in the COA application or brief to this court); *see also Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (noting the waiver rule, under which "[a]rguments not clearly made in a party's opening brief are deemed waived," applies even to pro se litigants who "are entitled to liberal construction of their filings"). Moreover, by not presenting any argument on her § 2255 claims, Ms. Hopper has not shown that reasonable jurists could debate the correctness of the district court's decision. She therefore is not entitled to a COA.

Ms. Hopper instead argues here that she should be granted relief in light of the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and this court's decision in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), both of which held that the residual clause in 18 U.S.C. § 924(c)(3) is unconstitutional. Based on those cases, she contends that her conviction for kidnapping under 18 U.S.C. § 1201(a) cannot be a "crime of violence" under that provision. But whether kidnapping is a crime of violence under § 924(c)(3) matters only to determining if Ms. Hopper could have been convicted and sentenced under 18 U.S.C.

§ 924(c)(1)(A) for using, carrying, or brandishing a firearm during and in relation to a crime of violence. Unlike her co-defendants, Ms. Hopper was not charged or convicted of this offense, so *Davis* and *Salas* are not relevant to her convictions or sentence.

In any event, the claim she wishes to present on appeal was not raised in her § 2255 motion, was not addressed by the district court, and therefore cannot be considered here. "Because this [added] claim [for COA] was not presented to the district court, we decline to consider it on appeal . . . ." *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004); *see United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (stating "our general rule against considering issues for the first time on appeal" and declining to address arguments for COA that pro se applicant failed to raise in district court).

## III. CONCLUSION

We deny a COA and dismiss this matter. We deny the motion to appoint counsel.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

4