**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VERNON JAMES HILL,

    Defendant - Appellant.

No. 17-5055
(D.C. Nos. 4:16-CV-00256-JHP-PJC &
4:12-CR-00050-JHP-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **LUCERO**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Vernon Hill requests a certificate of appealability (COA) so he can appeal the

denial of his 28 U.S.C. § 2255 motion.  Hill has not shown reasonable jurists could

debate the district court's decision to deny his claims, so we deny a COA and dismiss his

appeal.

**I. Background**

Hill and several co-defendants were indicted for crimes related to a string of bank

and pharmacy robberies in Tulsa, Oklahoma.  The indictment charged Hill with four

offenses:

---

    * This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

- Count One:  conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, listing overt acts related to robberies of IBC Bank, Metro Pharmacy, and Arvest Bank[1];

- Count Two:  Hobbs Act robbery of IBC Bank;

- Count Five:  Hobbs Act robbery of Metro Pharmacy;

- Count Six:  using, carrying, and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), based on the Metro Pharmacy robbery described in Count Five.

A jury convicted Hill of all counts and we affirmed his convictions on appeal, *see United States v. Hill*, 604 F. App'x 759, 762 (10th Cir. 2015) (unpublished).

Hill then moved to vacate his sentence under 28 U.S.C. § 2255.  He argued (1) his appellate attorney was ineffective for failing to challenge his § 924(c) conviction under *Rosemond v. United States*, 134 S. Ct. 1240 (2014); and (2) his § 924(c) conviction is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The district court rejected both arguments, denied Hill's § 2255 motion, and denied his request for a COA.  Hill now seeks a COA in this court.

**II. COA Standard**

Hill must obtain a COA to appeal the denial of his § 2255 motion.  *See* 28 U.S.C. § 2253(c)(1)(B).  We will grant a COA if he makes "a substantial showing of the denial

---

[1] Hill was convicted of robbing the Arvest Bank in a separate case. *See United States v. Hill*, 737 F.3d 683, 684 (10th Cir. 2013).  As we noted in Hill's direct appeal, *United States v. Hill*, 604 F. App'x 759, 764 n.8 (10th Cir. 2015) (unpublished), a substantive crime and conspiracy to commit that crime are separate offenses for double jeopardy purposes, *United States v. Felix*, 503 U.S. 378, 390-92 (1992).

of a constitutional right." § 2253(c)(2). Because the district court denied Hill's § 2255 motion on the merits, he must show reasonable jurists could debate whether the motion should have been granted or the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

### III. Analysis

Hill argues the district court erred by denying his ineffective assistance claim and his *Johnson* claim. Both relate to Hill's conviction under § 924(c), which provides in relevant part:

> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, . . . shall, in addition to the punishment provided for such crime of violence . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

§ 924(c)(1)(A).

### A. Ineffective assistance of counsel claim

In his § 2255 motion, Hill argued his appellate attorney was ineffective for failing to challenge his § 924(c) conviction under *Rosemond*, which held a defendant cannot be convicted of aiding and abetting a § 924(c) violation unless he has advance knowledge one of his confederates will carry a gun, 134 S. Ct. at 1249. As noted above, the predicate offense for Hill's § 924(c) conviction was the Metro Pharmacy robbery. The evidence suggested it was Hill's co-defendants, rather than Hill himself, who brandished guns during the robbery, and the district court agreed there was not enough evidence of advance knowledge to convict Hill of aiding and abetting under *Rosemond*.

3

Nevertheless, the court found the evidence was sufficient to convict Hill on the alternative theory of co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640 (1946). *See United States v. Bowen*, 527 F.3d 1065, 1077 (10th Cir. 2008) ("Aiding and abetting and *Pinkerton* co-conspirator liability are alternative theories by which the Government may prove joint criminal liability for a substantive offense." (internal quotation marks omitted)). In *Pinkerton*, the Supreme Court held that a defendant may be liable for his co-conspirator's crimes so long as they are reasonably foreseeable and committed to further the conspiracy. *See Pinkerton*, 328 U.S. at 647-48; *United States v. Clark*, 717 F.3d 790, 808 (10th Cir. 2013). Based on "the facts in th[e] case, including the number of robberies in which [Hill's] co-conspirators either implied they had a weapon or showed that weapon," the district court found "it was entirely foreseeable that one or more of [his] accomplices would bring a firearm to the Metro Robbery and brandish it in furtherance thereof." R. Vol. V. at 119 (footnote omitted). Because the evidence was sufficient to convict Hill on this alternative theory of liability, the court concluded that his appellate attorney's failure to challenge Hill's § 924(c) conviction under *Rosemond* didn't rise to the level of ineffective assistance.

Hill argues the district court erred by considering evidence of other robberies to find that brandishing a gun during the Metro Pharmacy robbery was reasonably foreseeable. He cites our determination in his direct appeal that "the government introduced insufficient evidence of interdependence to prove [a] global conspiracy," *Hill*,

4

604 F. App'x at 771,[2] and argues that, in the absence of a global conspiracy, the district court could only consider evidence related to the Metro Pharmacy robbery. According to Hill, this evidence was not alone sufficient to show he could have reasonably foreseen a co-conspirator would brandish a gun.

We begin by assessing the legal framework that applies to Hill's claim. *See Miller-El*, 537 U.S. at 338. The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant who claims he was denied effective assistance must show (1) his attorney's performance was deficient and (2) the deficient performance caused him prejudice. *Id*. at 687. Hill doesn't dispute that the jury was properly instructed on the requirements of *Pinkerton* co-conspirator liability. *See* R. Vol. I at 779. So if the evidence was sufficient to convict Hill of violating § 924(c) on a theory of *Pinkerton* co-conspirator liability, he can't show his attorney's failure to challenge his conviction under *Rosemond*—which concerns only aiding and abetting—prejudiced him.

To decide whether reasonable jurists could debate the district court's decision, we make "a threshold inquiry into the underlying merit of [Hill's] claim[]," *Miller-El*, 537 U.S. at 327, by briefly reviewing the evidence related to the Metro Pharmacy robbery. According to the government's evidence, six individuals participated in that

---

[2] Despite concluding there was insufficient evidence of a global conspiracy, we affirmed Hill's conviction on the conspiracy count because (1) the evidence showed he conspired to rob the Metro Pharmacy and the Arvest Bank, *Hill*, 604 F. App'x at 772 & n.18, and (2) the variance between the allegations in the indictment and evidence at trial didn't substantially prejudice him, *id*. at 774.

5

robbery: Hill, Duncan Herron, Christopher Lewis, Marquis Devers, Dontayne Tiger, and Deandre Hopkins. All were members or affiliated with members of the Hoover Crips street gang. One of the participants—Herron—testified at trial in hopes of receiving a better sentence. He testified the group met in advance to plan the robbery. According to the plan, Herron would enter the pharmacy first and hold the door for Hill, Lewis, and Devers. When they discussed this part of the robbery, Lewis joked he would "hit [Herron] in the head with the gun" when he entered the pharmacy. R. Vol. II at 1151. Once Hill, Lewis, and Devers were inside, Hill "was going to search," *id*. at 1152, meaning he would "[c]heck for money and medicine," *id*. at 1170, and Devers would " lay everyone down," *id*. at 1152. Finally, Tiger and Hopkins would "be lookouts across the street." *Id*.

After the meeting, the group executed their plan. Herron entered the pharmacy and held the door for Hill, Lewis, and Devers. Those three robbed the pharmacy, with Hill carrying a bag and Lewis and Devers brandishing guns. As they had planned, Tiger and Hopkins acted as lookouts. After the robbery, everyone but Herron left together in a van.

Reasonable jurists could not debate whether this evidence was sufficient to find that brandishing a gun was reasonably foreseeable. Herron testified that one co-conspirator mentioned a gun when the group planned the Metro Pharmacy robbery, and Herron's testimony that the group executed the robbery according the plan suggests a gun was part of that plan. Even the takeover style of the robbery suggests the group planned to use some mechanism to take control of the pharmacy. *Cf. United States v.*

6

*Smith*, 697 F.3d 625, 635 (7th Cir. 2012) (concluding it was reasonably foreseeable that a co-conspirator would carry a gun in part because "this bank robbery was a take-over robbery (as opposed to a note-passing robbery), necessitating some mechanism of obtaining control of the bank"). In short, the evidence of the Metro Pharmacy robbery was alone sufficient to convict Hill of violating § 924(c) on a theory of *Pinkerton* co-conspirator liability. As a result, Hill can't show his appellate attorney's failure to challenge his § 924(c) conviction under *Rosemond* was prejudicial, and no reasonable jurist could debate the district court's decision to deny Hill's ineffective assistance claim. We therefore deny a COA on this issue without addressing whether the district court erred by citing evidence of other robberies in its decision. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (we may deny COA on a ground adequately supported by the record but not relied on by the district court).

### B. *Johnson* claim

Hill argued in his § 2255 motion that, after *Johnson*, conspiracy to commit Hobbs Act robbery was not a crime of violence within the meaning of § 924(c). That section defines "crime of violence" as a felony

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). Hill argued § 924(c)(3)(A) (known as the elements clause) didn't apply because conspiracy to commit Hobbs Act robbery doesn't require the use, attempted use,

7

or threatened use of physical force.  And he argued § 924(c)(3)(B) (known as the residual clause) was unconstitutionally vague under *Johnson*, which invalidated a similar provision of the Armed Career Criminal Act, 135 S. Ct. at 2563.[3]  The district court rejected both arguments, but concluded that, even if *Johnson* invalidated § 924(c)'s residual clause, Hobbs Act robbery was a crime of violence under the elements clause.

Hill reasserts the arguments in his § 2255 motion and argues the district court erred by analyzing Hobbs Act robbery, rather than *conspiracy* to commit Hobbs Act robbery, which Hill claims was the predicate for his § 924(c) conviction.  But it is clear from the record that the predicate offense for Hill's § 924(c) conviction was the Hobbs Act robbery of the Metro Pharmacy alleged in Count Five, *see* R. Vol. I at 765, not the conspiracy charge in Count One.  And we have held that Hobbs Act robbery is a crime of violence under § 924(c)(3)'s elements clause.  *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 n.4 (10th Cir. 2018).  So  although we agree with Hill that § 924(c)(3)'s residual clause is unconstitutionally vague, *see United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018), reasonable jurists could not debate the district court's decision to deny relief on this claim.

---

[3] *Johnson* was decided shortly after Hill's direct appeal, but its holding applies retroactively to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

**IV. Conclusion**

We deny a COA and dismiss this appeal.

Entered for the Court


Nancy L. Moritz
Circuit Judge